STATE v. WILLIAM HICKLING AND CORNELIUS C. VAN HOUTEN.

1. At the common law, only the attorney-general could exercise the power to enter a *nolle pros.* upon an indictment, and in this state, there being no statute upon the subject, this power is still reposed in the attorney-general or the several prosecutors of the pleas; but, under the long-established practice in this state, an indictment, after it passes under the control of the court, may not be discharged without the consent or under the advice of the court.

2. The peremptory power of the court, where the common law prevails, is never exerted, upon the representative of the state to discharge an indictment, in whole or in part, at the instance of parties. This can only be done where such power is conferred upon the court by statute.

Indictment for conspiracy.   On motion to discharge the defendants.

Argued at November Term, 1882, before Justices SCUDDER and KNAPP.

For the state, *Eugene Stevenson.*

For the defendants, *Cortlandt Parker.*

The opinion of the court was delivered by

KNAPP, J.   This indictment having been certified into this court, motion is made to discharge the defendants therefrom under the sixty-fifth section of the Criminal Procedure act. The section provides that "every indictment shall be tried the term or session in which issue is joined, or the term after, unless the court, for just cause, shall allow further time for the trial thereof; and if such indictment be not so tried as aforesaid, the defendant shall be discharged."   Under this section the defendant may, for the cause mentioned, be liberated out of custody or relieved from his recognizance, but he is not thereby discharged from the indictment, but may there-

State v. Hickling.

after be brought into court for prosecution. *Apgar* v. *Woolston,* 14 *Vroom* 57.

This cause has been in the courts for a long time. It was here at the June Term, 1879, on a motion to quash the indictment; it went down for trial at the Passaic Circuit. On the trial, the defendants were convicted; a rule to show cause followed; upon the hearing in this court, the verdict was set aside and a new trial ordered, and the cause went down for a second trial at the April Term of the Passaic Circuit. The failure to move the cause at that term is the ground of this application.

Both parties seem to have desired a struck jury in the case. The defendants asked for and obtained a rule for such jury, but the striking of the jury was so long delayed that it became too late for the state, on its part, to obtain it. Nothing had occurred between the representatives of the parties to induce the belief on the part of the prosecutor, that the rule was not designed to be pursued by the defendants. The state could have issued a *venire* for a common jury, but that course was contrary to the expectation and wish of the state. Such delay resulted that the Circuit judge, for want of time, was obliged to order the case over. I think the inaction of defendants in proceeding under the rule was the cause of the delay and ultimate failure to move the trial at that term, and consequently the defendants' discharge from their recognizance should be refused.

But the defendants further ask that the court order a *nolle prosequi* to be entered upon the indictment. This is moved upon the ground that at the former trial, which was pressed with great zeal and earnestness and occupied the court for many days, there was an absolute failure to adduce any evidence of a conspiracy justifying a conviction, or which would warrant the state in again presenting the indictment for trial.

When the case was here on rule to show cause, an examination of the testimony taken on the trial forced the clear conviction on the mind of the court that the state had signally

failed to make a case against the defendants. The matter was here considered upon the merits, and the rule was made absolute, not upon any technical ground or legal error, but solely because of the utter deficiency of the testimony to support the conviction that resulted; and we have no hesitation in saying that if the state is not possessed of evidence far more convincing or persuasive of guilt than that adduced upon the former trial, the defendants ought not, in our judgment, any further to be held to answer that charge.

The state seeks not to oppress her citizens with vexatious litigation, and it seems to us that another trial, attempted upon the same or not very materially stronger evidence of crime, would work such oppression.

But the power of the court to order the representative of the state to enter a *nolle pros.* upon an indictment presents a different question. At the common law only the attorney-general could exercise this power, and in doing so was beyond the power or control of the court. 1 *Archb. Cr. Plead. (Pomeroy's Notes)* 316; *People* v. *McLeod,* 1 *Hill* 371; *State* v. *Graham,* 12 *Vroom* 15; *Apgar* v. *Woolston, supra.* And here, there being no statute upon the subject, the power is still reposed in the attorney-general or the several prosecutors of the pleas, who, for this purpose, stand in his place as the state's representative.

While it is true that an indictment, after it passes under the control of the court, may not, under long-established practice in this state, be discharged by the prosecutor without the consent or under the advice of the court, an order in most cases is readily granted on request of the prosecuting officer, yet I am unable to find any instance, where the common law prevails, in which the peremptory power of the court has been exerted upon the state's representative in thus discharging an indictment in whole or in part. It may be required or imposed in certain cases as a condition in granting some judgment or order which the state seeks and which the court might otherwise withhold, but no such mandate at the in-

State v. Hickling.

stance of parties ever goes except in those states where, by statute, power is conferred upon the court.

The Circuit judge before whom trial of the issue may be had has power, in case of deficient proof, to end the litigation by directing an acquittal of the defendant, but the most that the court can do, in a case like this, is to advise the attorney-general or officer prosecuting for the state to discontinue an indictment when, in its judgment, the public interests or the rights of defendants require it, and it is not to be presumed that such officer will refuse to exercise his power to enter a *nolle pros.* upon such suggestion from the court.

Against unreasonable delay, or the continuance of oppressive prosecutions, defendants can, through methods indicated in Apgar *v.* Woolston, find protection in indisputable power of the court.

In the case in hand we are not informed what new or additional evidence the state is possessed of, but we think that unless it has in its control materially better evidence on its part to support the charge made than that upon which it relied for a conviction in the former trial, the prosecutor should be advised that he prosecute the indictment no further. The motion, in form as made, must, for want of power in the court, be denied