MARTIN SILVERMAN, Plaintiff, *v.* UFA EASTERN DIVISION DISTRIBUTION, INC., Defendant.

Supreme Court, New York County, May 13, 1929.

Plante & Abrahams [*Samuel Lippman* of counsel], for the plaintiff.

Schreiber, Myers & Buchter, for the defendant.

WALSH, J. This is a motion by plaintiff, under rule 109, subdivision 5, of the Rules of Civil Practice, for an order dismissing defendant's counterclaim upon the ground that it does not set forth facts sufficient to constitute a cause of action.

The counterclaim in substance alleges that plaintiff and defendant are respectively lessor and lessee of certain premises situated in the State of Pennsylvania; that during the term of the lease, and while defendant was not in default in the performance of any of its covenants, the plaintiff " maliciously and without probable cause and for an improper motive and without reliance on the breach of any covenant in the lease by the lessee caused to be entered in the Court of Common Pleas, county of Allegheny, city of Pittsburgh, State of Pennsylvania, a judgment alleged to have been made by confession against the defendant in the sum of $5,985," and that thereafter plaintiff " willfully and maliciously and without probable cause caused an action to be instituted in the State of New York against this defendant on the judgment herein entered in the Court of Common Pleas, county of Allegheny, State of Pennsylvania; " that the purpose of plaintiff in entering said judgment was solely to coerce the defendant into depositing security under the lease, which security was not required under its terms, and that subsequent to the entry of said judgment in Pennsylvania and the institution of the suit in New York the plaintiff offered to refrain from proceeding further with said suits if defendant would deposit such security; that by reason of such acts on the part of plaintiff the defendant was compelled to engage counsel to defend the New York action and to vacate the Pennsylvania judgment, which latter judgment was, by the court in which it was entered, declared null and void; that the process of both the Pennsylvania and the New York courts was deliberately and willfully used by plaintiff " to gain an ulterior end, to wit, the deposit of security; " and that by reason thereof defendant's

credit was impaired and it was compelled to expend counsel fees to its damage in the sum of $10,000. As there are no allegations in the counterclaim that the person or property was interfered with by injunction, attachment, arrest or some other provisional remedy, the defendant has not set forth facts constituting a cause of action for malicious prosecution. (*Paul* v. *Fargo*, 84 App. Div. 9; *Sachs* v. *Weinstein*, 208 id. 360.)

The defendant contends, however, that a cause of action for malicious abuse of process is set up. The gist of an action for abuse of process lies in the improper use of process after it is issued. To show that regularly issued process was perverted to the accomplishment of an improper purpose is enough. (*Dean* v. *Kochendorfer*, 237 N. Y. 384.) The two elements in an action for malicious abuse of process are stated in Cooley on Torts (3d ed.), page 355, to be " first, the existence of an ulterior purpose; and, second, an act in the use of process not proper in the regular prosecution of the proceeding. Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process." The distinctive nature of an action for malicious abuse of process, as compared with an action for malicious prosecution, is that it lies for the improper use of process after it has been issued, not for maliciously causing process to issue. (*Assets Collecting Co.* v. *Myers*, 167 App. Div. 133; *Paul* v. *Fargo, supra; Dishaw* v. *Wadleigh*, 15 App. Div. 205.)

Without the citation of further authorities, I think that a sufficiently complete compendium of the law for the purpose of this case is that the essentials of an action for abuse of process are, *first*, an ulterior purpose; and, *second*, an act in the use of process not proper in the regular prosecution of the proceedings, the abuse consisting in the perversion of the process to some unlawful purpose and in the willful and oppressive use of it after it is issued; that the action lies only where there is an unlawful interference with person or property under color of process. If the person be not arrested or his property not seized, no matter how unfounded the action may be, there is no abuse of process. The legal and legitimate use of process, though with bad intent, is not a malicious abuse thereof. The gravamen of defendant's action is that the process of both the Pennsylvania and the New York courts was used with the ulterior purpose of compelling it to deposit security under the lease. Such wrongful act is specifically stated to be the offer of plaintiff to refrain from enforcing its Pennsylvania judgment and to discontinue its New York suit in the event defendant complied with plaintiff's demand.

So far as the motive and intent of plaintiff in instituting the suit

is concerned, they are insufficient to form the basis of an action for abuse of process unless coupled with the second essential element of an act in the use of process not proper in the regular prosecution of the proceedings, amounting to its perversion to some lawful purpose. The action is not for maliciously instituting suit or putting the process in force, but for maliciously abusing the process after its issuance. It is at this point that the defendant's cause of action breaks down, for though willful intent is pleaded there is absolute failure to allege that the process of either court was illegally used to effectuate such intent. No process of the court was used to accomplish an end not proper in the regular prosecution of either proceeding, nor to compel the defendant to do something which it was under no legal obligation to do. No arrest or seizure of property was made. The use of process against the person or property of defendant was not resorted to, and hence there could be no abuse thereof. The fact that plaintiff offered to discontinue its proceeding in the event defendant performed certain acts is not a perversion of the process of the court. By reason thereof defendant suffered no harm and was subjected to no illegal oppression or indignity. The only inconvenience or damage suffered by defendant was such as was incident to the orderly and regular prosecution of the suits instituted by plaintiff. Conceding that the suits are unfounded and that the institution thereof caused defendant injury, my attention has been called to no case where the mere bringing of unwarranted actions has been treated as such an abuse of process as to sustain an action against the one who instituted it.

Motion granted, and counterclaim dismissed. Order signed.