FRANK M. LAKUTIS, PLAINTIFF-APPELLANT, v. ROBERT K. GREENWOOD, DEFENDANT-RESPONDENT.

Argued February 25, 1952—Decided March 10, 1952.

102

*Mr. William J. Shepp* argued the cause for appellant.

*Mr. Joseph Narrow* argued the cause for respondent (*Mr. Burton D. Zehner*, attorney).

The opinion of the court was delivered by

WACHENFELD, J.   The plaintiff appeals from a judgment of the Law Division of the Superior Court dismissing his

complaint and entering summary judgment for the defendant. The appeal to the Appellate Division is certified here on our own motion.

The action is brought against the Chief Probation Officer of Salem County, charging him in six counts with false imprisonment, malicious prosecution and abuse of process. There are two counts on each of the alleged injuries, one relating to an arrest on March 12, 1951, and the other to an arrest on May 17 of the same year. On each occasion the plaintiff was incarcerated in the Camden County Jail, and after the May arrest was subsequently removed to the Salem County Jail.

The warrants for arrest which were issued by the defendant certified that the plaintiff was a person convicted of crime, had been placed on probation in care of the defendant, and had forfeited his probation.

The arrests in question grew out of marital difficulties between the plaintiff and his wife. They separated and in January, 1949, a petition was filed in the Salem County Juvenile and Domestic Relations Court by the county prosecutor alleging the plaintiff had willfully and unlawfully neglected and refused to provide for the support and maintenance of his wife. The parties appeared in court the following month and the plaintiff was found guilty of nonsupport. He was ordered to pay the sum of $7 per week to the county probation officer for the support of his wife, who was then pregnant, payment to commence upon the birth of the child, which occurred ten days later. No written judgment to this effect has ever been entered and the oral order of the court appears only in the minutes of the court clerk.

In June of that year, according to the records of the probation office and the county clerk's office, the plaintiff again appeared in court requesting a reduction of the weekly payments, which was refused.

On September 22, 1949, the oral order was modified to provide $7 weekly for the support of the plaintiff's child rather than for the wife. Affidavits of the judge. the prose-

cutor and the defendant indicate the plaintiff was in court on that day although he denies it.

No payments were made by the plaintiff for the support of either his wife or his child so far as the record shows. He was brought into court on contempt proceedings on February 23, 1950, was sworn and examined and found guilty of contempt. He was sentenced to Annandale Reformatory but the order was held in abeyance. Five months later he was again found guilty of contempt and committed to the county jail.

The record shows that in November, 1950, notice was mailed to the plaintiff to appear in court to explain why he had not made payments in accordance with the court's order. It was discovered he had moved to Camden and a warrant was issued for his arrest. Pursuant to it he was apprehended by the Camden County Probation Office but released on payment of the sum of $100 on account of his arrearages together with his promise to make regular payments in the future.

When the weekly payments were still not forthcoming, the defendant issued the two successive warrants complained of and on each occasion the plaintiff was arrested and confined. He brought this suit alleging the defendant was without power to issue the warrants since the plaintiff had not been convicted of a crime nor placed on probation.

The trial court, after argument, granted the defendant's motion to dismiss the complaint, holding in substance that any verdict rendered for the plaintiff would be against the weight of the evidence.

The plaintiff appeals, asserting his complaint stated a good cause of action for false imprisonment, malicious prosecution and abuse of process and the trial court erred in striking it and entering summary judgment since a fact question was presented.

It is argued the support order and the contempt proceedings had thereon were void because the record does not show the filing of any pleadings, the service of process or

the entry of judgment; that a county probation officer has no authority to issue a warrant of commitment for the detention of a person found guilty of contempt of court; and that a public officer acting outside the scope of his authority may be held personally liable.

■■ The allegations of the complaint are sufficient to make out a cause of action on the three grounds alleged. "The gist of false imprisonment is mere unlawful detention without more." *Altana v. McCabe,* 132 *N. J. L.* 12 (*Sup. Ct.* 1944). A public official may be held liable for false imprisonment where he has acted outside his authority. *Collins v. Cody,* 95 *N. J. L.* 65 (*Sup. Ct.* 1920) ; *Shaefer v. Smith,* 92 *N. J. L.* 267 (*Sup. Ct.* 1919).

■ Where a person is accused without reasonable or probable cause and it can be shown the accuser was actuated by a malicious motive in making the charge, an action for malicious prosecution will lie. *Shoemaker v. Shoemaker,* 11 *N. J. Super.* 471 (*App. Div.* 1951) ; *Vladar v. Klopman,* 89 *N. J. L.* 575 (*E. & A.* 1916). The gist of an action for abuse of process is the use of court process for a purpose not justified by the law. *Schneider v. Mueller,* 132 *N. J. L.* 163 (*E. & A.* 1944). The complaint contains all the essential allegations to charge the defendant on each of these three grounds.

The record indicates, and the defendant does not deny, that the proceedings against the plaintiff were based on an oral order of the court which was never reduced to writing and entered as required by Juvenile and Domestic Relations Court *Rule* 6:5–3(*b*). The defendant, asserting he had authority to issue the warrants for the arrest of the plaintiff, relies on *R. S.* 2:199–4, which provides that a probation officer may make an arrest where a probationer has violated the conditions of his probation. Here, however, the plaintiff was never on probation and thus, in respect to him, the defendant was not clothed with the authority conferred by the statute.

██ Irrespective of the plaintiff's liability to punishment for contempt in failing to comply with the oral order for support, which we do not determine, it appears, on the affidavits submitted, the defendant was without authority to issue the warrants for his arrest and imprisonment. Whether or not such action was induced by malice or was willful and wrongful so as to amount to abuse of process, presents a factual question which normally the plaintiff is entitled to have submitted to a jury. *Rule* 3:56–3. In this posture of the cause, it was error for the court below to dismiss the complaint and enter summary judgment for the defendant. In so deciding, we are not passing on the merits of the plaintiff's basic claim in any respect, but solely on the procedure adopted by the trial court in granting the defendant's motion for dismissal.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD and BURLING—5.

*For affirmance*—None.