34 N.J. Super. 605 (1955)
112 A.2d 791
JOHN A. EARL, PLAINTIFF,
v.
WALTER G. WINNE, DEFENDANT.
Superior Court of New Jersey, Bergen County Court, Law Division.
Decided March 7, 1955.
*609 Messrs. Moser & Griffin (Mr. Bryant W. Griffin appearing), attorneys for the plaintiff.
Messrs. McGlynn, Weintraub & Stein (Mr. Joseph Weintraub appearing), attorneys for the defendant.
O'DEA, J.C.C.
This is a motion by defendant for an involuntary dismissal after plaintiff completed presentation of his evidence on all matters other than the wealth of defendant for purposes of punitive damages (R.R. 4:42-2) in an action for malicious abuse of process.
The complaint in six counts alleged causes of action for (1) false arrest, (2) malicious prosecution, (3) malicious abuse of process, and three counts of conspiracy to commit the same torts. The counts for false arrest and conspiracy for the same were barred by the statute of limitations. Earl v. Winne, 14 N.J. 119 (1953). At the opening of the trial the action for malicious prosecution and the remaining conspiracy counts were dismissed on motion of the plaintiff. Thus, the action is on the third count of the complaint for malicious abuse of process.
The complaint alleges that the plaintiff on May 1, 1946 while campaigning for public office made statements critical of the defendant, then Bergen County Prosecutor identified with an opposing faction of plaintiff's political party. Following the statement and its publication in a local newspaper the plaintiff was questioned by the defendant at the prosecutor's office. Then a criminal complaint was lodged against the plaintiff by a detective of the prosecutor's staff. The plaintiff was arrested thereunder, released on bail, and subsequently on May 11, 1946 indicted by the Bergen County grand jury for criminal libel for the statement he allegedly made and caused to be published. The alleged statement is quoted in the indictment, made a part of the complaint, as *610 follows: "And Winne's detective, Chief Michael Orecchio, is contact man for Winne with the gambling system."
Plaintiff alleges wrongful arrest, detention and imprisonment with malice and without probable cause, personal humiliation, and personal injury to his credit and reputation and expenses incurred for his defense and liberation.
The complaint alleges the defendant personally or through his emissaries demanded and compelled the plaintiff to sign a retraction of the statement he made, promising to nolle prosse the indictment within 30 days, but on the contrary held said indictment open to obtain release of plaintiff's right of action against defendant for false arrest and malicious prosecution, until June 29, 1949, when the indictment was nolle prossed.
At the pretrial conference on September 30, 1954 the specification of the legal issues raised by the pleadings to be determined at the trial on the cause of action for malicious abuse of process were limited to two (R.R. 4:29-1):
1. Was there an extortion of the retraction by use of the indictment?
2. Did the defendant omit to nolle prosse the indictment for the purpose of holding the indictment over plaintiff's head to prevent criticism of the defendant by plaintiff, and does that legally constitute an abuse?
At the trial the plaintiff was limited to proofs of these issues and was not permitted, on motion after opening to the jury on the issues stated in the pretrial order, to amend the order to include the additional issue whether the indictment was kept open to induce or extort from the plaintiff releases of civil rights of action against the defendant. Such an amendment, creating a new issue at such time, after the issues had been settled by agreement of the parties at the pretrial conference, would have constituted a manifest injustice to the defendant, where such issues were pleaded in the complaint but excluded from the issues for trial by the pretrial order. The pretrial order supersedes the pleadings when inconsistent therewith and controls the subsequent course of action unless modified at or before the trial or during *611 the trial to prevent manifest injustice. R.R. 4:29-1, 4:15-2; Altana v. McCabe, 132 N.J.L. 12 (Sup. Ct. 1944); Schlossberg v. Jersey City Sewerage Authority, 15 N.J. 360 (1954). Therefore the cause of action for malicious abuse of process was tried on the issues delineated in the pretrial order.
Plaintiff's proofs disclose that he made a criminally libelous statement in the presence of the press for publication on May 1, 1946; that it was published May 2, 1946 when he was apprehended therefor, arrested on a criminal complaint of a county detective, released under bail, indicted for criminal libel May 11, 1946 by the Bergen County grand jury, charged by Judge Conlon of Essex County, made application for and had an early trial date set, and then proceeded to attack the validity of the indictment. In the meantime plaintiff advertised his indictment in a paid advertisement in a newspaper with county-wide circulation.
While the proceedings were thus pending, at 2:00 A.M. the morning of June 15, 1946 two men, Messrs. Chandless and Bozzo, called at plaintiff's home to discuss a retraction of the statement the plaintiff had made. This discussion was put off until 8:00 A.M. the same morning at the law office of Mr. Chandless where, in the presence of political associates of the plaintiff in his faction of his political party, and upon their recommendation, plaintiff signed a retraction which was immediately delivered to the defendant at the court house where his depositions were about to be taken in the proceedings to quash the indictment. The defendant accepted the retraction with the comment: "Tell John I'll take care of it in thirty days."
There was further testimony that at 10:00 P.M. the night of June 14, 1946 the same emissary, Mr. Bozzo, telephoned the defendant to see him and called at his home immediately, to make his request that it would be for the good of the party if the defendant would accept an apology or retraction from the plaintiff and "call the whole thing off," to which the defendant assented with suggestions as to how such a retraction should be worded. The indictment was not nolle prossed *612 until June 29, 1949 and on several occasions different emissaries of the plaintiff, as well as the plaintiff himself, importuned the defendant to nolle prosse. Whenever he was confronted with the purported agreement to nolle prosse in 30 days, defendant denied any such agreement.
The proceedings attacking the indictment were withdrawn by a consent order signed by the plaintiff personally November 4, 1946, following which his bail was discharged. The indictment was nolle prossed June 29, 1949.
There is no evidence in the plaintiff's case from which a jury could find that the defendant extorted the retraction from the plaintiff by use of the indictment. The evidence discloses that Bozzo initiated the move to induce the defendant to accept a retraction; the retraction was prepared and presented to the plaintiff by Bozzo and plaintiff's own political associates who obtained it and delivered it to the defendant of their own volition without any request, demand, threat, promise, or agreement of the defendant, other than acceding to the suggestion of Bozzo that it would be best for the party to accept a retraction and call the whole thing off, which was exactly what was done. There is no evidence from which it might be found or imputed that the defendant directly or by emissary or agent initiated, suggested, induced, or, as alleged, compelled or extorted the retraction by threat or duress of the criminal proceedings or indictment. Therefore, there is insufficient evidence to submit the first issue of the pretrial order to the jury.
The evidence adduced by the plaintiff indicates that following his indictment he advertised the fact in a paid newspaper advertisement, and personally continued public criticism of the defendant to a greater extent after the indictment than before, which indicates he had no fear of the indictment open against him sufficient to claim the indictment was used illegally to suppress any lawful right to criticise the defendant freely.
In determining whether holding the indictment open for three years was an oppressive, vexatious or illegal act of the defendant, the testimony from the defendant's deposition *613 read into the record that before acceding to the request to accept a retraction and call the whole thing off, the defendant called the then county court judge for his advice. The judge indicated that while he would approve a nolle prosse on the prosecutor's recommendation, it should not be done hastily. In this State, while a nolle prosse must be moved by the prosecutor, it cannot be entered without the approval of the court. State v. Hickling, 45 N.J.L. 152 (Sup. Ct. 1883). Therefore, the power to nolle prosse was not reposed entirely in the hands and control of the defendant. Further, when it appears an indictment is being kept open for the purpose of vexation or oppression the court, on application of a vexatiously oppressed defendant, may suggest to the prosecutor that he exercise his power to enter a nolle prosse. The power of such suggestion for relief has never been questioned. Apgar v. Woolston, 43 N.J.L. 57 (Sup. Ct. 1881); State v. Hickling, supra. Under our rules, at any time after six months following the return of an indictment, the assignment judge may direct that the trial of an indictment be moved on a day specified. Upon the failure of the prosecutor to comply with such order, the indictment may be dismissed. R.R. 3:11-3(b). The fact that plaintiff, though surrounded with able counsel ever ready and willing to seek redress for him, never sought such relief open to him is convincing evidence the plaintiff was not suffering from vexatious and oppressive conduct of the defendant during the extended period the indictment was open.
The plaintiff submits that a letter comment of the defendant, as prosecutor, dated February 28, 1949 (Exhibit P-2) which reads: "I am glad to note that he has subsequently refrained from any comments as far as I know which may result in this office feeling that his case had to be tried," is sufficient proof the indictment was held over the plaintiff unlawfully to prevent him from criticizing the defendant. A prosecutor has the benefit of the presumption that he acts legally in the discharge of a public duty, and such presumption may be overcome only by convincing proof that he did or would have acted in excess of and distinct *614 from required official duty for personal reasons of his own. Earl v. Winne, 14 N.J. 119 (1953). The letter statement relied upon by plaintiff as evidence of the prosecutor's intention to act wrongfully toward the plaintiff is cloaked with this presumption, and there was no evidence that by this statement he intended or had acted unlawfully toward the plaintiff by holding the indictment open. To submit such a statement to the jury as a basis for finding the defendant held the indictment open to suppress personal criticism by the plaintiff would be to allow such presumption to be rebutted without convincing proof.
There is, therefore, insufficient evidence to submit the second issue of the pretrial order to the jury for determination.
Finally, as a matter of law, the motion for dismissal should be granted.
The two basic elements that must be shown to support an action for malicious abuse of process are: (1) that defendant made an illegal, improper, perverted use of the process, a use neither warranted nor authorized by the process; and (2) that defendant had an ulterior motive in exercising such illegal, perverted or improper use of the process. Ash v. Cohn, 119 N.J.L. 54 (E. & A. 1937). The gist of the action, as distinguished from malicious prosecution and malicious use of process, is the unlawful use of a lawful process after its issuance. State of Ohio v. Clarke, 129 N.J. Eq. 372 (E. & A. 1941); Schneider v. Mueller, 132 N.J.L. 163 (E. & A. 1944); Lakutis v. Greenwood, 9 N.J. 101 (1952); Earl v. Winne, 14 N.J. 119 (1953).
An ulterior motive alone is not sufficient. To constitute improper direction of process, the mere ulterior motive in doing an act, proper in itself, does not suffice. There must be such use of it as in itself is without the scope of the process and hence improper. Italian Star Line v. U.S. Shipping Board Emergency Fleet Corp., 53 F.2d 359, 80 A.L.R. 576 (2nd Cir. 1931). Regular and legitimate use of process, though with a bad intention, is not malicious abuse of process. Jerome v. Shaw, 172 N.C. 862, 90 S.E. 764, L.R.A. 1917B, 749 (Sup. Ct. 1916).
*615 Therefore there can be no abuse of process without use. If the process is not used at all no action can lie for its abuse. It is the misuse of the process, though properly obtained, which constitutes the misconduct for which the liability is imposed. Restatement of Law of Torts, c. 31, sec. 682, p. 464.
While malicious abuse of criminal process cases more frequently take the form of working upon the fears of a person under arrest for the purpose of extorting money or property from him or compelling him to sign some paper or give up some claim or perform some act in accordance with the wishes of the prosecution, it must always be shown that an unlawful act in the use of the process compelled the wrongful extortion or restraint of the person to give rise to liability. 1 Am. Jur. 186. And the acts alleged to constitute the abuse or perversion of the process must result in damage. There must be an unlawful interference with the person or property under color of process. Silverman v. Ufa, Eastern Division Distribution, 135 Misc. 814, 236 N.Y.S. 18 (Sup. Ct. 1929).
Withholding the nolle prosse of an indictment, after releasing a defendant from bail, upon an understanding there would be no further proceedings taken, in consideration of a retraction or apology for a criminal libel, where there have been no threats, requests, or demands upon the accused, cannot of itself constitute a perverted, oppressive or wrongful use of an indictment. There must be an act amounting to misuse or oppression. MacLean v. Naumkeag Trust Co., 268 Mass. 437, 167 N.E. 748 (Sup. Jud. Ct. 1929); Nelson v. National Casualty Co., 179 Minn. 53, 228 N.W. 437, 67 A.L.R. 509 (Sup. Ct. 1929); Brown v. Robertson, 120 Ind. App. 434, 92 N.E.2d 856 (App. Ct. 1950).
Where there is a compromise settlement between the parties while one is under arrest or indictment for the settled or compromised offense, there can be no liability for malicious abuse of process in procuring such compromise or settlement under such circumstances unless there be some unlawful, irregular, improper or perverted use of the criminal process. Cole v. Rogers, Inc., 46 Ga. App. 450, 167 S.E. 781 (Ct. *616 App. 1933); Kirk v. United States Fidelity & Guaranty Co., 59 So.2d 845 (Miss. Sup. Ct. 1952).
The plaintiff's evidence discloses no proof of unlawful, perverted, illegal or improper use of the criminal process against the plaintiff to extort a retraction from him nor to suppress or limit his personal rights of freedom. Neither the defendant nor anyone on his behalf attempted to use the criminal processes against the plaintiff to extort the retraction. It was given by the plaintiff of his own volition at the sole suggestion of his own political associates and advisers. At no time was any threat under the indictment made against the plaintiff to control, limit, guard or direct him in his free exercise of his own rights of freedom. That the indictment was pending was not by the unlawful, illegal or improper procurement of the defendant. That the nolle prosse was delayed was not entirely in the control of the defendant, nor was his delay in procuring it, without any threat to the plaintiff, chargeable against him as such a wrongful act or tort as to give rise to any liability for malicious abuse of process. Similar delays on applications to nolle prosse indictments have been the common usual practice in criminal procedure.
A cause of action for malicious abuse of criminal process may not be sustained without proof of a vexatious, oppressive, unlawful, threatening or coercive act by deed, word or writing addressed to the plaintiff by the defendant directly or indirectly by agent or emissary sufficient to compel or extort the plaintiff against his own free will, to do or perform an act he otherwise would not have done or to refrain from the free exercise of his civil rights while the criminal process is pending.
Therefore the motion for an involuntary dismissal of the complaint is granted.