Alfred M. BARLETTA and Concetta M. Barletta, his wife, Plaintiffs,

v.

GOLDEN NUGGET HOTEL CASINO and Veronica Bartch, jointly, severally and in the alternative, Defendants.

Civ. A. No. 83–0119.

United States District Court, D. New Jersey.

Feb. 15, 1984.

616

Martin Margolit, P.C., Camden, N.J., for plaintiffs.

Horn, Kaplan, Goldberg & Gorny, P.C. by Jack Gorny, Atlantic City, N.J., for defendant Golden Nugget Hotel Casino.

Slater & Tenaglia, P.A. by Thomas P. Milburn, Marlton, N.J., for defendant Veronica Bartch.

## OPINION

COHEN, Senior District Judge:

This action alleging three counts, false arrest, negligence and abuse of process arises from an argument over the use of a slot machine on October 24, 1982, at the Golden Nugget Hotel Casino (Golden Nug-get) in Atlantic City, New Jersey, between plaintiff Concetta M. Barletta (Mrs. Barletta), a citizen of New York, and defendant Veronica Bartch (Bartch), a citizen of New Jersey. Both Mrs. Barletta and Bartch were patrons of the casino at the aforesaid time and place.

The Golden Nugget has also been joined as a defendant. As a result of the argument, Mrs. Barletta was detained by Casino security guards and subsequently arrested by Atlantic City Police. She seeks a monetary award for mental, emotional and physical pain and distress. Additionally, she alleges that the defendants' acts were malicious and intentional, thereby justifying a recovery of punitive damages. Her husband sues *per quod.*

The Golden Nugget now moves, pursuant to Fed.R.Civ.P. 56, for Summary Judgment claiming, that as to it, plaintiff failed to set forth a claim upon which relief can be granted [1].

Plaintiffs urge this Court to deny defendant's motion, maintaining that genuine issues of material fact have been raised and, therefore, the grant of summary judgment is not appropriate. Plaintiffs contend that whether or not the Golden Nugget security guard accompanying Mrs. Barletta to another part of the Casino while he summoned Atlantic City Police constituted false arrest is a matter to be determined by a jury.

Finally, plaintiffs assert that as a paying guest of the Casino hotel, the Golden Nugget owed a duty to Mrs. Barletta, "particularly under circumstances where a serious question exists as to the substantiality of criminal allegations against that guest by an invitee [Bartch] on the premises, especially where [that] invitee solicits and obtains the assistance of hotel employees to effect the arrest of the paying guest." (Plaintiff's brief, at 8–9). This, too, is presented to demonstrate a genuine issue

1. The standard by which a Fed.R.Civ.P. 56 motion for summary judgment is granted is, if no genuine issue as to any material fact is presented, the moving party is entitled to judgment as a matter of law, and not, as contended by Golden Nugget, the Fed.R.Civ.P. 12(b)(6) standard of failure to state a claim upon which relief can be granted.

of material fact and a basis for denying summary judgment.

The jurisdiction of this Court is based on diversity of citizenship arising under 28 U.S.C.A. § 1332. For the reasons set forth in the Opinion below, defendant's motion shall be denied as to the false arrest count and granted as to the abuse of process and negligence claims.

The primary purpose of a motion for summary judgment is "to avoid a useless trial." *Dworman v. Mayor and Board of Aldermen of Morristown*, 370 F.Supp. 1056, 1063–64 (D.N.J.1974). To earn summary decision, the moving party must merit judgment as a matter of law upon genuinely indisputable material facts. Fed.R. Civ.P. 56(c). Only a clear showing of authentic non-dispute satisfies the Rule 56(c) standard demanding the absence of triable fact issues. *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir.1978). The movant bears this burden, *Manetas v. International Petroleum Carriers, Inc.*, 541 F.2d 408, 413 (3d Cir.1976), and the non-moving party receives the benefits of all reasonable doubts and inferences drawn from underlying facts. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 574 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

In the case at bar, it is undisputed that there was an altercation between the plaintiff Mrs. Barletta and defendant Mrs. Bartch. It is also undisputed that Owen Brown, a Golden Nugget security officer, was informed of the argument by a slot attendant and came to the scene. In his affidavit, submitted in support of defendant's motion for summary judgment, Officer Brown stated that when he arrived at the slot machines, he saw Mrs. Barletta push defendant Mrs. Bartch away from a slot machine so that she could continue playing. Bartch complained to Officer Brown and asked what he was going to do about the incident. Brown then explained to her that patrons of the Casino were permitted to play as many machines as they wanted as long as there was money in the trays at the bottom of each machine

and, therefore, he could take no action against Mrs. Barletta. Mrs. Bartch insisted that some action be taken and informed Officer Brown that she wanted to file criminal charges. To do so, Brown informed her that the Atlantic City Police would have to be called. Bartch persisted in her complaint. Officer Brown then called Sergeant Biosca, also an officer in the Golden Nugget security department, to assist him. The two women were taken to the security office, and the Atlantic City Police Department was called.

■ In order to support a claim for false arrest, the plaintiffs must allege two elements: First, that there was an arrest, and second, that the arrest was without proper legal authority, which has been interpreted to mean without legal justification.

Mrs. Barletta submits that she was forced to go to the security office, that she did not voluntarily, and hence, the action constituted an arrest by the casino security guards. She further asserts that Officer Brown knew there was no legal justification for the arrest and, therefore, it was a false arrest.

Defendant, Golden Nugget, denies that an arrest was made by its security officer. It points to the fact that Mrs. Barletta has made no claim of being physically assaulted by any casino security guard, that she accompanied the security officers on her own and the Golden Nugget filed no charges or instituted any civil proceedings against her. Finally, the defendant contends that the detainment of Mrs. Barletta was authorized by N.J.A.C. tit. 19, § 45–1.-11 which provides for "the detainment for probable cause of persons that may be involved in illegal acts for the purposes of notifying law enforcement or commission authorities."

■ Initially, the Court shall address the defendant's contention that no arrest was made. A taking into custody need not be done violently to constitute an arrest, nor is the fact that Mrs. Barletta accompanied security officers under her own power dispositive on the issue of whether there

was an arrest. Rather, the inquiry goes to whether there was any unlawful restraint upon a person's freedom of movement, *Earl v. Winne,* 14 N.J. 119, 128, 101 A.2d 535 (1953). Further, the assertion of legal authority to take a person into custody, even where such authority does not in fact exist, may be sufficient to create a reasonable apprehension that a person is under restraint. *Bartolo v. Boardwalk Regency Hotel Casino, Inc.,* 185 N.J.Super. 534, 536, 449 A.2d 1339 (Law Div.1982), citing *Hebrew V. Pulis,* 73 N.J.L. 621, 64 A. 121 (E & A 1906).

■ In the instant case, Mrs. Barletta contends that she was ordered from the casino floor by officers Brown and Biosca and that she did not feel free to refuse. This confrontation with two security officers ordering her to accompany them are circumstances which might give rise to "a reasonable apprehension of force." *Earl,* 14 N.J. at 127, 101 A.2d 535. Consequently, the defendant's position, that the detainment of the plaintiff did not constitute an arrest because there was no force involved and because she accompanied the guards on her own, is without merit.

The defendant Golden Nugget's second contention, that the detention of Mrs. Barletta was authorized by N.J.A.C. tit. 19, § 45-1.11(7)(vi), is also unconvincing.

This regulation was promulgated under the authority of N.J.S.A. § 5:12-63(c) (West 1983) which grants

[t]hat the Casino Control Commission shall have general responsibility for the implementation of this act, as hereinafter provided, including, without limitation, the responsibility: To promulgate such regulations as in its judgment may be necessary to fulfill the policies of this act.

■ This statute also provides that the security officers of the casino may take a person, who they have probable cause to believe was cheating, into custody and detain him for a reasonable length of time for the purpose of notifying law enforcement or casino authorities. Additionally, the statute provides that this taking into custody shall not render the casino security officer civilly liable for false arrest, false imprisonment, slander or unlawful detention. However, the statute goes further and provides that:

No licensee or his officers, employees or agents shall be entitled to any immunity from civil or criminal liability provided in this section unless there is displayed in a conspicuous manner in the casino a notice in bold face type clearly legible and in substantially this form:

"Any gaming licensee or officer, employee or agent thereof who has probable cause for believing that any person is violating any of the provisions prohibiting cheating or swindling in gaming may detain such person in the establishment for the purpose of notifying a police officer or Casino Control Commission authorities."

N.J.S.A. §§ 5:12-121(b), (c) (West 1983).

This statute is explicit and its intent is clear. By enacting this provision, the Legislature is expanding the powers of the Casino personnel. However, this power is expanded only to include cheating and swindling, and the Casino personnel are only insulated from liability after the Casino patrons have been put on notice of this expanded power statutorily granted.

Defendant, Golden Nugget, maintains that N.J.A.C. tit. 19, § 45-1.11(c)(7)(vi) is much broader than this statutory provision and allows the Casino security force to detain an individual, without civil liability, for any illegal act provided there is probable cause.

A valid and duly promulgated regulation of a public administrative body generally has the force and effect of law; it is also considered as an integral part of the statute under which it was made just as though it were expressly prescribed in the statute. Consequently, the Code provision must be considered together with the enabling statute and in the light of provisions contained in that statute. 73 C.J.S. *Public Administrative Bodies and Procedure* § 108 (1979).

Construing the Code provision to provide such broad arrest powers to the security force exceeds not only the scope of the statute, but also the common law with regard to arrest.

■ At common law, a citizen could make an arrest without a warrant only where a felony was provable and there were reasonable grounds to believe the arrested person had committed the felony, *State v. McCarthy*, 123 N.J.Super. 513, 517, 303 A.2d 626 (Law Div.1973); *Reuck v. McGregor*, 32 N.J.L. 70 (Sup.Ct.1866). Arrests without a warrant for misdemeanors were permitted only when the misdemeanor was committed in the presence of the arresting person. *Moll v. United States*, 413 F.2d 1233, 1236 (5th Cir.1969). However, it was "essential that such offense shall actually have been committed or attempted." 6A C.J.S. *Arrest* § 15 at 25 (1975). Hence, "where it appeared after arrest that a person had in fact not committed any offense, the arrest was held unlawful." *Id. See also* W. Prosser, Law of Torts, § 17 at 100 (1971).

Additionally, the Code provision does not provide immunity from civil and criminal liability.

Hence, it seems unlikely that the Commission intended to expand the arrest powers beyond both the statute and the common law without explicitly making its intent clear.

A more likely reading of the Code provision, and the one in keeping with the statute, would be that rather than broadly expanding the statute, the Code is providing a structure and framework in which the statute operates.

N.J.S.A. § 5:12–70(j) provides:

The Commission shall, without limitation on the powers conferred in the preceding section, include within its regulations the following specific provisions in accordance with the provisions of this act:

j. *Prescribing the procedures, forms and methods of management controls,* including employee and supervisory tables of organization and responsibility, and minimum security standards, including security personnel structure, alarm and other electrical or visual security measures. (emphasis added).

N.J.A.C. tit. 19, § 45–1.11(c)(7) prescribed the structure and procedure which is required by this section. It does no more. The statutory section, to which the Code provision allowing for detainments for probable cause is addressed, allows any employee, licensee or agent, who has probable cause, to detain a patron who they believe is cheating or swindling.

The Code provision further defines this section. It provides for a security department that "shall cooperate with, yet perform independently of, all other departments." It is the members of this security force who have the power to detain, for probable cause, those patrons involved in illegal activity. Illegal activity, in this instance, being defined by the statute to mean cheating and swindling. The Code provision narrows the statutory section because the statute provides that *any employee* may detain. The Code limits this by entrusting this expanded power only to the security force and not to the other employees of the casino.

The issue of the scope of casino guards' arrest powers was raised in *State v. Sanders*, 185 N.J.Super. 258, 267, 448 A.2d 481 (App.Div.1982). The court in *Sanders* was faced with a situation where a patron of Caesars Boardwalk Regency Casino Hotel, detained for card counting [2], was attempting to have evidence, seized from him by security guards, suppressed at trial. It was the defendant's contention that the action of the security guards was state action, since the requirement of a security force within the casino was mandated by statute and they operated as a police force within the casino. Accordingly, he main-

---

**2.** Card counters keep track of the playing cards as they are dealt and adjust their betting pat- terns when the odds are in their favor.

tained that 4th Amendment protections should apply.

The court held that the defendant was not detained for any illegal activity. Rather, the security guards were acting to protect the casino's private interests because it was feared that the defendant would be too successful at the blackjack table. Therefore, there is no state action and the 4th Amendment does not apply.

The court, in dicta, considered the role of the security force within the casino as provided for in N.J.S.A. § 5:12–113 to N.J.S.A. § 5:12–116 and N.J.S.A. § 5:12–121(b). The court stressed the limited extent of these provisions, as the power to detain is applicable only when the patron is suspected of being involved in one of the enumerated illegal activities. The court went on to find that the limited extent of these powers was emphasized in N.J.A.C. tit. 19, § 45–1:11(c)(7)(vi).

■ Consequently, we find that N.J.A.C. tit. 19, § 45–1:11(c)(7)(vi) does not extend to permit security guards to detain for *any* illegal activity. Rather, only those activities set forth in the statute. Hence, the arrest of Mrs. Barletta was unjustified. Accordingly, the defendant's motion for summary judgment as to the false arrest claim will be denied.

Plaintiffs' complaint also seeks damages on the basis of the Casino's alleged negligence. The plaintiffs contend that a duty was owed by the casino/hotel to Mrs. Barletta, as a paying guest, and by effecting her arrest, it breached this duty, giving rise to her negligence claim. The plaintiffs, however, never make clear what that duty is. Apparently, the plaintiffs are maintaining that as a paying guest of the hotel, a higher duty was owed to Mrs. Barletta than to defendant Bartch, who was not a guest of the hotel, but only an invitee of the Casino. Therefore, the Golden Nugget was not justified in arresting Mrs. Barletta at defendant Bartch's, an invitee, insistence. However, no case law was cited for this contention.

■ A cause of action against an innkeeper who effects an unjustified arrest against a paying guest is one for false arrest. This false arrest standard is the same whether one is a paying guest of the hotel or an invitee of the casino.

■ Further, the Court knows of no duty imposed on an innkeeper to keep his guest free from arrest.

Hence, the defendant's motion for summary judgment as to the negligence claim shall be granted.

■ Finally, the plaintiffs' complaint seeks recovery for abuse of process. The gist of this cause of action is misusing, or misapplying, process justified in itself for an end other than that which it was designed to accomplish. *Earl v. Winne*, 34 N.J.Super. 605, 614, 101 A.2d 791 (Law Div.1955), citing *Lakutis v. Greenwood*, 9 N.J. 101, 87 A.2d 23 (1952).

■ The elements of an abuse of process claim are: first, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceedings. W. Prosser, *Law of Torts*, 857 (1971). The plaintiffs have not alleged facts sufficient to establish these elements in support of their abuse of process claim. Accordingly, the defendant's motion as to this cause of action shall be granted.

■ The demand by the plaintiffs for punitive damages cannot be summarily dismissed as it is not possible to determine whether the defendants Golden Nugget acted with reckless disregard of the plaintiffs rights until all factual disputes raised by the false arrest claim are resolved.

The Court shall enter an appropriate order.