MARTHA E. CHAMPION, executrix, vs. GEORGE B. BUCKINGHAM, trustee.

Worcester.   September 30, 1895. — January 1, 1896.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Bankrupt — Discharge — Effect on Debt — " Creditor " — Assignment of Insurance Policy — Equity.*

A discharge in bankruptcy releases the debtor from the legal obligation to pay a debt existing at that time, and takes away from the creditor the right to enforce the payment of it, but it does not extinguish the debt.

The word " creditor " does not, under all circumstances, mean a person having an obligation against another which is capable of legal enforcement.

If A. assigns to B. a policy of insurance on A.'s life payable to his wife, who joins in the assignment, " as collateral security for the amount of his demands subsisting against A. at his decease as creditor or as surety," and A. subsequently receives a discharge in bankruptcy, an indebtedness to B. being proved in part, although the balance was due and provable, and A. dies without having paid or satisfied the debt, B. is a creditor having a subsisting demand within the meaning of the assignment; and, upon a bill in equity by A.'s wife, as the executrix of his will, to compel a surrender of the policy, it is immaterial that B. did not refer to the policy in his proof, and that he assented to A.'s discharge. ·

BILL IN EQUITY, filed in the Superior Court on December 18, 1894, ·by the executrix of the will of Reuben Champion, to compel the defendant, as trustee under the. will of Warren McFarland, to deliver and surrender to her a certain policy of insurance on the life of Reuben Champion.   Hearing before *Maynard*, J., who reported the case for the determination of this court, in substance as follows.

Reuben Champion, who was the husband of the plaintiff, took out a certain policy of insurance on his life for the sum of $1,000, payable on his death to the plaintiff in her own right, in the State Mutual Life Assurance Company.

Champion died testate on or about February 15, 1894.   At the time of his death the policy was a valid and subsisting policy of insurance, on which the sum of $1,000 was thereupon due and payable to such person as is found upon this proceeding to be lawfully entitled thereto.

The defendant has now in his possession the policy of insurance.   The plaintiff made due demand upon the defendant to

deliver the policy to her, and the defendant, through his author-ized agents and attorneys, before the filing of the plaintiff's bill, refused to deliver the policy to the plaintiff, or to inform her where or in whose custody it was.

On December 15, 1870, the plaintiff and Reuben Champion executed and delivered to the defendant's testator, Warren McFarland, a transfer and assignment of the policy of insurance in the following language:

" For value received of Warren McFarland, we hereby trans-fer and assign to him the policy of life assurance within writ-ten, with all the privileges and benefits secured to Martha E. Champion thereby, as collateral security for the amount of his demands subsisting against Reuben Champion at his decease, as creditor or as surety, the balance if any for the benefit of said Martha E. Champion."

The assignment was duly accepted, and recorded upon the books of the insurance company. No question was made as to the validity of this assignment.

On December 16, 1870, Reuben Champion made a promissory note for $330, payable on demand to the order of McFarland; and, on February 8, 1871, Champion made another promissory note for $500, payable on demand to McFarland or his order.

The note for $500 is still unpaid, unless the facts found and stated herein operate as payment or extinguishment of the note. After the making of these notes, Champion was duly adjudged a bankrupt by proceedings under the bankruptcy laws then in force; and under such proceedings he received a full discharge of his then existing debts and liabilities, on March 18, 1876. The above notes were due and provable in bankruptcy against him.

The defendant's testator proved against Champion, in such bankruptcy proceedings, the note for $330, for which the testator held, at the time of such proof, the policy of insurance as secu-rity, by virtue of the assignment above mentioned. The testator, when making proof of his claim against Champion in the bank-ruptcy proceedings, did not surrender for the benefit of the bankrupt's estate or creditors the policy of insurance, or release or assign for the benefit of the bankrupt's estate or creditors the policy, or the testator's interest therein; but the testator

did, in his proof of claim, make oath that "for which said sum of $298.29 and interest as aforesaid, (which was the balance due on the note proved, deducting the sum of $125.34, the amount of a debt due from McFarland to Champion,) or any part thereof, this deponent says he has not, nor has any person by his order, or to this deponent's knowledge or belief, for his use, had or received any manner of satisfaction or security whatsoever. "

The defendant's testator signed his assent to the discharge of Champion.

A decree was entered dismissing the bill. If the decree was erroneous, it was to be set aside, and the case remanded to the Superior Court for such further decree as this court might order; otherwise, the decree was to be affirmed.

*H. Parker*, for the plaintiff.

*T. G. Kent*, (*G. T. Dewey* with him,) for the defendant.

MORTON, J. The policy was assigned to McFarland "as collateral security for the amount of his demands subsisting against Reuben Champion at his decease, as creditor or as surety." It is evident that McFarland had subsisting demands as creditor against Champion when the latter took the benefit of the bankrupt act. The first question is, what effect did the discharge which Champion obtained have upon the demands so held by McFarland. If it extinguished them, then clearly they were not subsisting at the time of the former's decease. If they were not extinguished, then it must follow that they were subsisting in some form at the time of Champion's death, since it is not contended that they were paid or satisfied; and the question then arises whether McFarland's estate held them as creditor within the fair construction of the assignment. It is to be observed that one of the notes was proved in bankruptcy by McFarland against Champion, a debt of the former to the latter being allowed in the proof in set-off, but that the other and larger note was not proved, though it is found that it was due and provable. The operation of the discharge upon this note was not affected, however, by the fact that it was not proved.

We think that the discharge did not extinguish the debt or demand. It released the debtor from the legal obligation which

he was under to pay the notes, and took away from the creditor the right to enforce the payment of them. But the debt was not paid or satisfied. That still remained as a moral obligation on the part of the debtor, and was sufficient to sustain a new promise if he had seen fit to make one waiving the statute bar. *Maxim* v. *Morse*, 8 Mass. 127. *Mills* v. *Wyman*, 3 Pick. 207. *Valentine* v. *Foster*, 1 Met. 520, 522. *Way* v. *Sperry*, 6 Cush. 238. *Cook* v. *Shearman*, 103 Mass. 21. *Dusenbury* v. *Hoyt*, 53 N. Y. 521. *Shippey* v. *Henderson*, 14 Johns. 178. *Betton* v. *Cutts*, 11 N. H. 170, 179. *Fletcher* v. *Neally*, 20 N. H. 464. *Corliss* v. *Shepherd*, 28 Maine, 550. *Otis* v. *Gazlin*, 31 Maine, 567. *Penn* v. *Bennet*, 4 Camp. 205. *Trueman* v. *Fenton*, Cowp. 544.

The effect of a discharge in bankruptcy is analogous to that of the bar of the statute of limitations or of infancy except in the case of necessaries; though it is said that a party is not to be deprived of his right to rely on his discharge unless he has used words that plainly mean to renounce it. *Bigelow* v. *Norris*, 139 Mass. 12. *Allen* v. *Ferguson*, 18 Wall. 1. The running of the statute of limitations puts an end to the remedy to which it applies, not to the debt. *Ilsley* v. *Jewett*, 3 Met. 439. *Foster* v. *Shaw*, 2 Gray, 148. *Hancock* v. *Franklin Ins. Co.* 114 Mass. 155. *Shaw* v. *Silloway*, 145 Mass. 503, 506, 507. If the debt was not extinguished by the discharge, and has not been paid or satisfied, then it follows that the security may be availed of for the payment of it, if McFarland or his estate can be regarded as a creditor having a subsisting demand at the time of Champion's decease, and there is no other valid objection. *Thayer* v. *Mann*, 19 Pick. 535. *Ipswich Manuf. Co.* v. *Story*, 5 Met. 310, 312. *Hancock* v. *Franklin Ins. Co.* 114 Mass. 155. *Norton* v. *Palmer*, 142 Mass. 433, 435. *Shaw* v. *Silloway*, 145 Mass. 503. We are not aware of any case which holds that the word " creditor " means under all circumstances a person having an obligation against another which is capable of legal enforcement.

To give it that meaning here would be to hold that the parties contemplated that the security should continue if Champion remained solvent, but not if he became bankrupt and got a discharge. The object of the parties in giving and taking the assignment was clearly to secure to McFarland the payment

of any debt that was due or that might become due to him from Champion. And we think that, the debt which the assignment was given to secure not having been paid or satisfied at Champion's decease, McFarland fairly may be regarded as a creditor having a subsisting demand within the meaning of the assignment.

The plaintiff further objects, that McFarland waived the security by omitting in the proof any reference to it, and by making oath that he had no security, and by assenting to the discharge. The policy, though issued upon the life of Champion, was for the use of his wife, and was made payable to her. She was the beneficiary, and entitled to the proceeds, and she executed the assignment with her husband. The case presented is therefore one where the security really comes, not from the bankrupt, but from a third party. We have not deemed it necessary to consider whether, under such circumstances, in a case to which the United States bankrupt act applies, the rule laid down in *Lanckton* v. *Wolcott*, 6 Met. 305, should govern, or that which appears to have been followed in the United States courts and in England. *In re Cram*, 1 Nat. Bankr. Reg. 504. *In re Alexander*, 1 Lowell, 470, 472. *In re Holbrook*, 2 Lowell, 259.

The plaintiff is the executrix of Reuben Champion, and his widow. As executrix, her only interest in the policy is to collect the proceeds and pay them over to herself as beneficiary. In either capacity it is immaterial to her whether McFarland did or did not refer to the policy in his proof, or did or did not assent to the discharge. The only parties interested were the assignee and creditors, and they do not appear to have interposed any objection, and the plaintiff does not appear to have acquired any rights under them so as to be able to set up McFarland's proceedings as an estoppel. *Cook* v. *Farrington*, 104 Mass. 212. It may be added, that so far as the assent to the discharge was concerned, it was, if anything, favorable to Champion's estate, and not a matter of which the plaintiff justly could complain.

*Decree affirmed.*