ELMER L. ELLIOTT *vs.* WARWICK STORES, INC.

Hampden.    September 18, 1952. — November 5, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Abuse of Legal Process.  Bankruptcy*, Discharge.  *Debt.  Practice, Civil*, Appellate Division: what questions open, ordering judgment, appeal; New trial.

A debt is not extinguished by a discharge of the debtor in bankruptcy even though he may avail himself of the discharge to bar an action on the debt.

It was not an abuse of legal process to institute legal proceedings by trustee process against a discharged bankrupt to collect a debt dischargeable in the bankruptcy.

The Appellate Division of a District Court had no authority to pass on the sufficiency of the evidence to warrant a finding for the plaintiff in an action where that question was not reported to the Appellate Division.

Upon a report to the Appellate Division of a District Court containing evidence and a finding for the plaintiff but no findings of subsidiary facts, the Appellate Division did not have "before it all the facts necessary for determining the question in dispute" and should not order judgment for the defendant under G. L. (Ter. Ed.) c. 231, §§ 110, 124.

Upon an appeal from a decision by the Appellate Division of a District Court, this court can make such order as the Appellate Division ought to have made.

A new trial of an action in a District Court should have been ordered by
the Appellate Division upon a report after a finding for the plaintiff
where the Appellate Division correctly determined that there had
been prejudicial error in the reported refusal of a ruling requested
by the defendant but the granting of the request would not have
required a finding for the defendant.

TORT. Writ in the District Court of Springfield dated
February 10, 1950.

The action was heard by *Barry*, J.

*Samuel L. Thompson*, for the plaintiff.

*Lawrence D. Friedman*, for the defendant.

WILLIAMS, J. This is an action of tort for abuse of legal
process tried in the District Court of Springfield.. The
judge found for the plaintiff and reported to the Appellate
Division his denial of certain requests for rulings submitted
by the defendant. The Appellate Division decided that
there was prejudicial error in denying the. defendant's
twenty-fourth request reading, "That the institution of
proceedings by trustee process prior to judgment to enforce
the payment of a dischargeable or nondischargeable debt
by bankruptcy, should not be treated or considered as an
abuse of legal process," and ordered judgment for the de-
fendant. The plaintiff appealed from the decision.

The judge made no findings of subsidiary facts but re-
ported that there was evidence tending to show that in
January, 1950, the defendant caused the plaintiff's wages
to be trusteed on two successive weeks; that the plaintiff
then owed the defendant approximately $100 on four con-
tracts of conditional sale made between November 18 and
December 20, 1947, for the purchase of wearing apparel
and a watch; that on June 2, 1948, the plaintiff was adjudi-
cated a bankrupt and received a discharge in bankruptcy
on November 17, 1948; and that in his bankruptcy sched-
ules the defendant was listed as an unsecured creditor.
There was in evidence a "Certificate of Mailing dated June
7, 1948, by the U. S. District Court Clerk, together with a
copy of the schedules in bankruptcy." The plaintiff ef-
fected a discharge of the trustee writ by paying to the

defendant a certain amount in cash and agreeing in writing to pay the balance due in weekly instalments.

The appeal brings before us the rulings of law which were reported by the judge to the Appellate Division and questions of law touching the action of the Appellate Division. *Bresnick* v. *Heath,* 292 Mass. 293, 296. *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 447. The only ruling of the judge which is before us is his denial of the defendant's twenty-fourth request.

We take the requested ruling to mean that it is not abuse of process to institute legal proceedings by trustee process to collect a debt which is dischargeable in bankruptcy. It is provided by G. L. (Ter. Ed.) c. 246, § 1, as amended, that all personal actions, with exceptions not here material, may be commenced by trustee process. If the defendant had a right to collect a debt owed to it by the plaintiff by legal process, it could properly adopt this method of procedure. See *Johnson* v. *Reed,* 136 Mass. 421. A debt is not extinguished by a discharge in bankruptcy. The remedy upon the debt and the legal obligation to pay are at an end, but the debt itself is not cancelled. *Champion* v. *Buckingham,* 165 Mass. 76, 78–79. *Citizens Loan Association* v. *Boston & Maine Railroad,* 196 Mass. 528, 530. *E. S. Parks Shellac Co.* v. *Harris,* 237 Mass. 312, 317. *Westminster National Bank* v. *Graustein,* 270 Mass. 565, 587. *Wexler* v. *Davis,* 286 Mass. 142, 144. Remington on Bankruptcy (5th ed.) § 3448. While the discharge in bankruptcy affords to the debtor a complete legal defence to an action on the debt if he wishes to avail himself of it, the discharge must be pleaded. *Lane* v. *Holcomb,* 182 Mass. 360, 362. *Castaline* v. *Swardlick,* 264 Mass. 481, 484. Such pleading is similar in legal effect to the pleading as a bar of the statute of limitations. *Champion* v. *Buckingham,* 165 Mass. 76, 78–79. "To constitute a cause of action for . . . [abuse of process] it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." *Gabriel* v. *Borowy,* 324

Mass. 231, 236. *Noyes* v. *Shanahan*, 325 Mass. 601, 604. It is not in itself abuse of process to bring an action the only purpose of which is to enforce the collection of an existing debt, although the plaintiff knows that the debt is dischargeable in bankruptcy and that the defendant may bar the action by pleading a discharge. The Appellate Division was right in deciding that there was prejudicial error in denying the request.

In our opinion, however, the Appellate Division should not have ordered judgment for the defendant. The erroneous ruling did not necessarily so affect the correctness of the finding for the plaintiff that a contrary finding for the defendant was required. The Appellate Division is given authority by G. L. (Ter. Ed.) c. 231, § 108, to reverse, vacate, or modify a ruling where prejudicial error is found, and in its discretion to order a new trial in whole or in part. Its authority, however, is limited to the review of rulings which have been reported and to matters of law arising in connection with the making of reports. *Loanes* v. *Gast*, 216 Mass. 197, 199. *Henry L. Sawyer Co.* v. *Boyajian*, 303 Mass. 311, 312. *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 447. If the order for judgment for the defendant was based upon the conclusion that the evidence did not warrant a finding for the plaintiff, the Appellate Division was without authority to make it as no ruling relating to the sufficiency of the evidence was before it. *Himelfarb* v. *Novadel Agene Corp.*, *supra*, at page 449. By G. L. (Ter. Ed.) c. 231, § 110, it has the power similar to that granted to the Supreme Judicial Court by § 124 to direct entry of judgment where it is "satisfied that it has before it all the facts necessary for determining the question in dispute." If its order for judgment was made in pursuance of the authority given by this section of the statute, the order cannot be supported. It could not review the finding for the plaintiff as such. *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 221. It has no power to make its own findings of fact and no subsidiary findings by the judge are reported. We think that it did not have "before it all the

facts necessary for determining" the question of abuse of process. This was a prerequisite to an order for judgment for the defendant. We can enter such order as the Appellate Division ought to have entered. *Vrusho* v. *Vrusho*, 258 Mass. 185, 188. The decision of the Appellate Division that there was prejudicial error in denying the defendant's twenty-fourth request for ruling is affirmed. The order for the entry of judgment for the defendant is reversed. It is ordered that there be a new trial.

*So ordered.*