**Effie D. CHATTERTON et al., Appellants,**

v.

**Joseph O. JANOUSEK, Appellee.**

**Joseph O. JANOUSEK, Appellant,**

v.

**Effie D. CHATTERTON et al., Appellees.**

**Nos. 15315, 15470.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 10, 1960
(No. 15315).

Submitted March 23, 1960
(No. 15470).

Decided June 23, 1960.

In No. 15315 Mr. S. Churchill Elmore, Washington, D. C., argued for appellants. Appellee filed a brief pro se, and the case was treated as submitted thereon. Mr. Earl H. Davis, Washington, D. C., also entered an appearance for appellee.

In No. 15470 Mr. Earl H. Davis, Washington, D. C., with whom appellant, pro se, was on the brief, submitted on the brief for appellant. Mr. S. Churchill Elmore, Washington, D. C., submitted on the brief for appellees.

Before EDGERTON, BAZELON, and BURGER, Circuit Judges.

EDGERTON, Circuit Judge.

No. 15470. In 1953 Janousek recovered a judgment against Effie D. Chatterton and others (Chatterton) for attorney's fees, requiring them to pay him a percentage of all sums afterwards received by them in payment of a previous judgment which he had obtained for Effie D. Chatterton in Texas. In 1957 Chatterton moved, with supporting affidavits, for an order of partial satisfaction of the plaintiff Janousek's judgment. In 1958, after an oral hearing at which Janousek offered no evidence, the District Court granted Chatterton's motion. The court said "nothing was presented showing support for the suspicion or hunch, asserted by plaintiff [Janousek] * * * that defendants [Chatterton] have received more funds than have been disclosed to him in settlement of the Tex-

as judgment secured by plaintiff in behalf of the defendant Effie D. Chatterton. * * * The plaintiff being unable to allege any facts in support of his contention that the judgment herein in his favor has not been fully satisfied as to the amount due under it to date * * * and the defendant having supported her application for extraordinary relief by uncontradicted proof of payment of the judgment in the total amount due plaintiff to date and defendant having shown the need for entry of partial satisfaction, the court feels constrained to deny plaintiff's motion to refer the case for hearing and trial of the issues and to grant the defendant's motion for order of partial satisfaction of judgment."

In Janousek v. Chatterton, No. 14448, 104 U.S.App.D.C. 300, 261 F.2d 766, we affirmed the order of partial satisfaction.

Janousek afterwards sued to vacate the order of partial satisfaction. In No. 15470, he now appeals from the District Court's order dismissing his second amended complaint. The complaint alleges, on information and belief, that the Chatterton affidavits were false and "part of a fraudulent scheme", but does not disclose the extent of the fraud, the source of the information, or the basis of the belief. It is questionable whether the complaint states "the circumstances constituting fraud * * * with particularity" as F.R.Civ.P. 9(b), 28 U.S. C.A., requires. However, we need not consider that question. Since the alleged fraud consisted of perjured testimony resulting in the order which Janousek seeks to vacate, it was "intrinsic" and the District Court was right in dismissing his complaint. Dowdy v. Hawfield, 88 U.S.App.D.C. 241, 189 F.2d 637.

No. 15315. Effie D. and Elizabeth S. Chatterton, defendants and appellees in No. 15470, filed a counterclaim against Janousek for abuse of process. The District Court dismissed their counterclaim. In No. 15315, they appeal from this dismissal.

The counterclaim, alleged Janousek knew he had no defense to the motion

for an order of partial satisfaction; that he sought seven continuances of the hearing on that motion in the District Court, appealed from the order granting it, and sought six continuances in the Court of Appeals; that he represented to a title company that he would ask the Court of Appeals for a rehearing and would petition the Supreme Court for certiorari, but did neither, "his sole purpose being to tie up defendant Effie Chatterton's funds with the title company"; that his suit to vacate the order of partial satisfaction was brought for this same purpose; and that after his complaint was dismissed he filed an amended complaint, and also told the Chattertons that unless he is paid $1500 "he will keep this litigation going indefinitely, and thus prevent defendant Effie Chatterton from ever receiving her funds now held by the title company."

██ Prosecution of a civil suit with an improper motive and without probable cause is actionable as malicious prosecution, when it causes special injury such as seizure of property and ends unsuccessfully. Melvin v. Pence, 76 U.S.App. D.C. 154, 130 F.2d 423, 143 A.L.R. 149. Cf. Morfessis v. Baum, 108 U.S.App.D.C. ——, 281 F.2d 938. The counterclaim plainly alleges special injury and an improper motive. In substance, we think it alleges lack of probable cause. Though it was filed while Janousek's second amended complaint was pending, his original complaint had already been dismissed. Thus the counterclaim substantially meets the requirements of a suit for malicious prosecution.

██ It follows that we need not consider whether, as the caption of the counterclaim asserts, it alleges an abuse of "process". In an action for abuse of "process", it is unnecessary to allege that the suit in which the process was issued was brought without probable cause, or that the suit was unsuccessfully terminated. Restatement, Torts (1938) § 682; 1 Harper and James, Torts, p. 330; Hall v. Hollywood Credit Clothing Co., D.C.Mun.App., 147 A.2d 866. In this connection, the term "process" has sometimes been given a broad interpretation. It has been held that suing for a debt which the plaintiff knows has been paid is an abuse of process. Lorusso v. Bloom, 321 Mass. 9, 71 N.E.2d 218.

No. 15470 affirmed.

No. 15315 reversed.