# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

ROBERT ALTENHAUS *vs.* ISRAEL LOUISON. February 7, 1961. Exceptions overruled. In this action in tort for abuse of process the declaration alleged that in a prior action (*Louison* v. *Fischman*, 341 Mass. 309) the defendant, knowing that "this plaintiff had not committed any . . . tortious action against him" attached his real estate for $600,000, the ulterior purpose being "to harass this plaintiff and to intimidate others to submit to the defendant in matters of principle concerning the internal affairs of a religious institution of which both parties were interested." A demurrer to the declaration was sustained. One ground of the defendant's demurrer was that the declaration failed "to allege concisely and with substantial certainty the substantive facts necessary to maintain a cause of action in accordance with G. L. c. 231, § 7." Pursuant to leave to move to amend, the plaintiff presented a motion to amend, which was denied. The plaintiff excepted to the order sustaining the demurrer and the denial of the motion to amend. "To constitute a cause of action for this tort it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." *Gabriel* v. *Borowy*, 324 Mass. 231, 236. See *Noyes* v. *Shanahan*, 325 Mass. 601, 604–605. Under this test, the declaration fails to set forth the substantive facts necessary to apprise the defendant of the precise nature of the plaintiff's case. See *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 34–35; *Gabriel* v. *Borowy*, 324 Mass. 231, 235–237. If any ground of the demurrer is good, it must be sustained. *Wade* v. *Ford Motor Co.* 341 Mass. 596, 598. The motion to amend was addressed to the sound judicial discretion of the judge. *Foster* v. *Shubert Holding Co.* 316 Mass. 470, 477. The disallowance of the motion reveals no abuse of discretion.

*Talbot T. Tweedy,* (*Edward Cooperstein* with him,) for the plaintiff.
*Melvin S. Louison,* for the defendant.

DAVID PINE *vs.* ISRAEL LOUISON. February 7, 1961. Exceptions overruled. See "brief statement of the grounds and reasons of the decision" in *Altenhaus* v. *Louison,* decided herewith.

*Talbot T. Tweedy,* (*Edward Cooperstein* with him,) for the plaintiff.
*Melvin S. Louison,* for the defendant.