CARMEL CREDIT UNION *vs.* LOUIS LESSER
(and a companion case[1]).

Suffolk.   January 4, 1962. — June 28, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Pleading, Civil,* Demurrer.   *Bankruptcy,* Discharge.

A motion by the defendant in an action characterized as a "Motion to Dismiss" but raising a question as to the declaration rather than one of process was treated as a demurrer.   [624]

An adjudication of bankruptcy of a debtor does not extinguish the debt even though it may affect the creditor's remedy.   [624–625]

In an action of tort in which the declaration alleged that the defendant by fraudulent representations induced the plaintiff to lend him money, and that the defendant had "since been adjudicated a bankrupt," as a result of which the plaintiff was damaged to the extent of the balance due on the loan, the defence of the adjudication in bankruptcy could not be raised by demurrer notwithstanding the reference to the adjudication in the declaration.   [625]

Two ACTIONS OF TORT.   Writs in the District Court of Chelsea dated March 2, 1961.

Upon removal to the Superior Court the actions were heard by *Morton,* J., on motions to dismiss.

*Benjamin Korolick* for the plaintiff.

*Sydney J. Dockser* for the defendants.

WILLIAMS, J.   These are two similar actions of tort in each of which the plaintiff has appealed from the allowance of the defendant's motion to dismiss.   Since the pleadings in the cases are substantially the same, they have been consolidated for purposes of appeal and are presented to this court on the record in the case against Louis Lesser, "the decision on appeal [to] be applicable to each case."

The declaration alleged "that the defendant by fraudulently representing to the plaintiff that he was not indebted to any other credit union, bank, or loan agency, either as maker, co-maker, or endorser, induced the plaintiff to lend

---

[1] The companion case is by the same plaintiff against Dorothy Lesser.

him the sum of Nine Hundred ($900) Dollars, whereas the defendant was then indebted to other credit unions, banks, or loan agencies, either as maker, co-maker, or endorser, as the defendant then knew, and the defendant has since been adjudicated a bankrupt, as a result thereof the plaintiff has been damaged to the extent of the balance due on its loan.''  .
The defendant's motion to dismiss was as follows: ''Now comes the defendant in the above entitled cause and appearing specially for the purpose of filing this motion moves that the action be dismissed and alleges as reason therefor that it appears from the pleadings in the case that the indebtedness alleged in the declaration accrued before the filing of the defendant's petition in bankruptcy . . .; that the plaintiff had notice of the defendant's bankruptcy, and that the claim of the plaintiff was one provable in bankruptcy, that the plaintiff was scheduled in the schedules attached to and made part of the defendant's petition as a creditor in the amount of the indebtedness alleged in the declaration, and the plaintiff received notice thereof, and that said indebtedness was a claim dischargeable under Section 17 of the Bankruptcy Act, as most recently amended, and was and is discharged. Wherefore the defendant prays this Honorable Court that this action be dismissed, and for his costs.''

We place no reliance on the defendant's characterization of the matter appearing in the record as a ''Motion to Dismiss.'' *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 110. The motion should be treated as a demurrer, since it raises a question of pleading rather than of process. See *Tyler* v. *Boot & Shoe Wkrs. Union,* 285 Mass. 54, 55. It is not an answer in avoidance; it purports merely to set forth the consequences which follow from the allegation in the plaintiff's declaration that ''the defendant has since been adjudicated a bankrupt.'' The defendant contends that the plaintiff cannot maintain its alleged cause of action because of the admission in its declaration of the defendant's adjudication in bankruptcy and its failure to allege facts which would avoid the effect of a discharge under § 17a of

the Bankruptcy Act (11 U. S. C. [1958] § 35 [a] ).   The fallacy of the defendant's position is that an adjudication of his bankruptcy in itself is not sufficient to defeat the plaintiff's claim.   The defendant's debt is not extinguished.   His bankruptcy may affect the remedy of the plaintiff but to avail himself of it as a defence it must be pleaded in avoidance by the defendant.   G. L. c. 231, § 28.   *Champion* v. *Buckingham,* 165 Mass. 76, 78–79.   *Lane* v. *Holcomb,* 182 Mass. 360, 362.   *Rogers* v. *Abbot,* 206 Mass. 270, 274.   *Smith* v. *Hill,* 232 Mass. 188, 190–191 (affd. sub nom. *Hill* v. *Smith,* 260 U. S. 592).   *Elliott* v. *Warwick Stores, Inc.* 329 Mass. 406, 408.   The legal effect of anticipating such a defence by a plaintiff in his declaration is similar to the effect of a declaration which shows on its face that the statute of limitations has run.   *Elliott* v. *Warwick Stores, Inc., supra.*   A demurrer does not lie. . See *Gallo* v. *Foley,* 299 Mass. 1, 3, and cases cited; *Stetson* v. *French,* 321 Mass. 195, 198.   Consequently, we need not decide whether the plaintiff has alleged facts which avoid a discharge within § 17a of the Bankruptcy Act.

Each case should stand for hearing on the merits.   The orders of the Superior Court dismissing the plaintiff's actions on the pleadings are reversed.

*So ordered.*