389 P.2d 9

**FARMERS GIN COMPANY, Plaintiff,**

and

**Hugh B. Roberson, Plaintiff, Counter-
defendant-Appellee,**

v.

**J. A. WARD and Lela Ann Ward, Defendants,
Counter-plaintiffs-Appellants.**

**No. 7322.**

Supreme Court of New Mexico.

Jan. 27, 1964.

Smith, Smith & Tharp, Clovis, for appellants.

Rowley, Davis, Hammond & Murphy, Clovis, for appellee.

COMPTON, Chief Justice.

The present litigation grows out of a suit filed by the Farmers Gin Company and Hugh B. Roberson against the defendants seeking judgment on a promissory note and the foreclosure of two mortgages securing the same. Thereafter, based on events enumerated below, plaintiffs filed a satisfaction and a motion to dismiss the action. On the same day the defendants filed an answer and counterclaim. The trial was on the counterclaim, in which Roberson was charged with abuse of legal process. Replying to the counterclaim, Roberson pleaded its failure to state grounds upon which relief could be granted; generally denied its allegations; and affirmatively alleged accord and satisfaction and estoppel. Counterdefendant's motions for directed verdict at the end of counterplaintiffs case, and renewed at the close of the case, were denied. The jury found for counterplaintiffs, the Wards, and awarded them damages in the amount of $8,856.01. Thereafter, a motion to set aside the verdict was granted and judgment entered for counterdefendant Roberson, from which this appeal is taken.

At the outset, and before considering the points raised on appeal, it is worthwhile to distinguish actions for abuse of process, or malicious abuse of process as it is also called, which this court has not heretofore been called upon to consider, from actions for malicious prosecution in civil cases previously considered by this court.

An abuse of process arises only when there has been a perversion of court processes to accomplish some end which the process was not intended by law to accomplish, or which compels the party against whom it has been used to do some collateral thing which he could not legally and regularly be compelled to do. Altenhaus v. Louison, 342 Mass. 773, 172 N.E.2d 230;

Spellens v. Spellens, 49 Cal.2d 210, 317 P.2d 613; Geier v. Jordan, D.C.Mun.App., 107 A.2d 440; Hall v. Field Enterprises, D.C. Mun.App., 94 A.2d 479; Pimentel v. Houk, 101 Cal.App.2d 884, 226 P.2d 739; Ellis v. Wellons, 224 N.C. 269, 29 S.E.2d 884; Italian Star Line v. United States Shipping Board E. F. Corp. (CCA 2nd Cir.), 53 F. 2d 359; annotations 80 A.L.R., pages 580–584.

◼ In order to sustain an action for abuse of process two elements are essential, (1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge. Ulterior motive alone is insufficient; there is no abuse of process where it is confined to its regular and legitimate function in relation to the cause of action stated in the complaint. Hall v. Hollywood Credit Clothing Company, D.C.Mun.App., 147 A.2d 866; Earl v. Winne, 34 N.J.Super. 605, 112 A.2d 791; Geier v. Jordan, supra; Pimentel v. Houk, supra; Brown v. Robertson, 120 Ind.App. 434, 92 N.E.2d 856; Elliott v. Warwick Stores, 329 Mass. 406, 108 N.E. 2d 681; Saliem v. Glovsky, 132 Me. 402, 172 A. 4; 1 Am.Jur.2d, Abuse of Process, §§ 4, 13; Prosser on Torts, pages 894–895; Cooley on Torts, 4th Ed., § 131, page 434.

◼ While the facts of a particular case may justify an action for malicious prosecution and an action for abuse of process, the two actions are distinguished on the facts. Unlike actions for malicious prosecution, abuse of process will lie even though the process has been validly issued, and regardless of whether there was probable cause for its issuance, or whether any prior proceeding has terminated in favor of the plaintiff. Ash v. Cohn, 119 N.J.L. 54, 194 A. 174; Hall v. Field Enterprises, supra; Manufacturers & Jobbers Finance Corp. v. Lane, 221 N.C. 189, 19 S.E.2d 849; Saliem v. Glovsky, supra; Wright v. Harris, 160 N.C. 542, 76 S.E. 489; Gonsouland v. Rosomano, (CCA 5th Cir.), 176 F. 481; Moffett v. Commerce Trust Company, Sp.Ct. Mo., 283 S.W.2d 591; Chatterton v. Janousek, 108 U.S.App.D.C. 171, 280 F.2d 719; 1 Am.Jur., Abuse of Process, § 2, page 250; annotations 14 A.L.R.2d 264, 322.

In each of the authorities cited, as well as others too numerous to be included here, where an action for abuse of process was found to lie, there was present some act by the defendant outside of the regular and legitimate use of the process resulting in an interference with either the person or property of the plaintiff. For example, excessive execution on a judgment; attachment on property other than that involved in the litigation or in an excessive amount; oppressive conduct in connection with the arrest of a person or the seizure of property, such as illegal detention and conversion of personal property pending suit;

extortion of excessive sums of money under threat of criminal prosecution, or having a writ of execution wrongfully returned unsatisfied in order to arrest the debtor or cause him other legal or personal harassment.

In the case before us the complaint in the main action was filed on July 27, 1960, and sought to recover from the appellants the sum of $52,341.00 plus interest, and 10% additional on the principal and interest as attorneys fees, and prayed that the real estate and chattel mortgages securing the note be foreclosed, the property sold and the proceeds applied to the satisfaction of the indebtedness and, further, that plaintiffs be granted the privilege of purchasing the mortgaged property at foreclosure sale, subject to the rights of redemption. Also filed was an assignment from plaintiffs to the District Director of Internal Revenue of a specified amount from the first proceeds received in the action to satisfy a claim against them for federal taxes due, for which a federal tax lien had been placed of record and a notice of levy served on the appellants.

After being served with process, and on August 23, 1960, the appellants, while continuing negotiations begun prior to the suit, and with the knowledge of appellee Roberson, entered into a contract with third parties for the purchase of the mortgaged property for $91,000.00, it being agreed therein that the purchasers would negotiate for full releases from the Farmers Gin Company and the Internal Revenue Department of the mortgage indebtedness and liens against the property for a sum not to exceed $61,571.00. The record indicates that this latter figure was less than the total computed by plaintiffs to be due at the time the complaint was filed, but in excess of that which the appellants claimed they owed. The evidence is clear that the appellants were aware that these differences existed at the time the action was commenced and process served upon them. On September 6, 1960, the sale to third parties was consummated by which appellee accepted $57,000.00 from the purchasers in full settlement of the amount due him. The note and releases of the mortgages were delivered to the appellants, also copies of satisfaction and motion to dismiss the suit. Thereafter, on September 9, 1960, appellants filed their answer and counterclaim to the suit. The answer was dismissed and trial was had on the counterclaim.

The counterclaim is denominated by appellants as an action for abuse of process. It alleges, in substance, after adopting by reference the allegations of the answer, that no monies were due at the time the suit was filed because of specific requests by appellee not to pay; that the amount claimed therein was in excess of that owing; that appellee failed to assist appellants in negotiations for the sale of the mortgaged property after

promising to do so, and made no demand for payment, but instead caused the suit to be instituted; that the purpose of appellee in filing the complaint was to defeat appellants in negotiating the sale of the property so that he might profit from a forced sale thereof at foreclosure, and for the further purpose of aiding him in his negotiations with the Internal Revenue Service; that as a result of bringing the action against them the appellants were forced to sell the mortgage property at a great financial sacrifice and that they paid the amounts demanded in the complaint unjustly in order to obtain releases of the mortgages.

Applying the principles of abuse of process as previously announced, we fail to find evidence of any act of appellee after the commencement of the action which could be said to have perverted that process by compelling the appellants to sell the mortgaged property, or to pay any specified amount not due appellee. The process thus issued required of appellants nothing more than that which could have been legally required of them.

■ If, as it appears from the allegations of the counterclaim, the appellants are in reality complaining that the action was maliciously commenced against them without probable cause in order to force them to sell, to make payment or defend a suit for foreclosure, then they are asserting malicious prosecution which would not lie where the action complained of had not terminated and there had been no arrest of the person or seizure of the property, or damages different from those necessarily incident to most if not all litigation. Johnson v. Walker-Smith Co., 47 N.M. 310, 142 P.2d 546; Landavazo v. Credit Bureau of Albuquerque, 72 N.M. 456, 384 P.2d 891; Nolan v. Allstate Home Equipment Co., D.C.Mun.App., 149 A.2d 426.

■ It is our conclusion that the judgment, notwithstanding the verdict, was properly granted. This conclusion disposes of the first point raised on appeal, that is, that the court erred in setting aside the verdict of the jury and entering judgment for the appellee.

■ The second and final point raised is that the court erred in approving the appellee's cost bill, contending that the court assessed against them the cost of a deposition used at the trial when that cost had not been endorsed on the notary's certificate or wrapper of the deposition as provided in Rule 30(j) of the Rules of Civil Procedure (§ 21–1–1(30) (j), N.M.S.A.1953). The contention has no merit. This rule relates only to officer's fees for the taking of depositions, the amount of which is provided for in § 25–1–7, N.M.S.A.1953. The rule relating to cost of taking depositions as distinguished from fees is § 25–1–6, N.M.S.A.1953. Rule 54(d) of our Rules of Civil Procedure (§ 21–1–1(54) (d), N.M.S.A.

1953), which grants the trial court discretion in the matter of assessing costs, governs. Mills v. Southwest Builders, Inc., 70 N.M. 407, 374 P.2d 289.

The judgment of the court should be affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.