425 So.2d 1208 (1983)
William McMURRAY and Shirley D. McMurray, et al., Appellants,
v.
U-HAUL COMPANY, INC., Appellee.
No. 81-2208.
District Court of Appeal of Florida, Fourth District.
February 2, 1983.
James A. Bonfiglio, West Palm Beach, for appellants.
Lawrence J. Forno, Pompano Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal from an order dismissing appellant's counterclaim with prejudice. We affirm in part; reverse in part and remand.
Appellee is a judgment creditor, having recovered a judgment against appellant, William McMurray, Jr., in the sum of $118,545.24 in Broward County; but it has been frustrated in collection thereon. It brought an eight count complaint against the judgment debtor  its long-time president *1209  and his wife, seeking a variety of avenues of relief. Appellants filed a three count counterclaim, alleging in one count what it claimed to be abuse of process, and in the others, slander of title of real and personal property. The trial court first entered an order, dismissing the counterclaim without prejudice and giving appellants ten days in which to amend. When appellants failed to amend, the trial court then entered, without notice, the order being appealed. The failure to provide appellants notice was error. Florida Rule of Civil Procedure 1.420(b) provides in part:
Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court. Notice of hearing on the motion shall be served as required under Rule 1.090(d).
See also Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA 1982). The real question, however, is whether it was substantial error which requires reversal; and we conclude that it was  but only in part.
First, as to the allegations of abuse of process, the error was procedurally incorrect; but we need not reverse. None of appellants' allegations constituted the captioned tort. In essence, they alleged that appellee's complaint had been filed and summons issued for a multitude of improper purposes  to bankrupt Mr. McMurray; to coerce him to pay monies to appellee which are legally beyond the latter's reach; to coerce settlement of his debt to appellee; to coerce concessions from him and appellee's competitor, Jartran, Inc.; to bankrupt Jartran, Inc.; and to "get back at him" for leaving appellee's employment. As we discuss hereinafter, this parade of horribles may well sustain an ultimate action against appellee for malicious prosecution should it not prevail on its complaint against appellants. However, all appellee has done is file a complaint and have process served upon appellee. Abuse of process in this case required more; namely, an act which constituted misuse of the process after it was issued. There is no such allegation of a post-issuance act other than service of what was issued. In 1 Am.Jur.2d Abuse of Process § 2 at 250 (1962), the test applicable to this case is described without semantic vagueness:
An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued.[1]
(Footnote omitted.)
Blue v. Weinstein, 381 So.2d 308, 310 (Fla. 3d DCA 1980), is equally authoritative and *1210 factually similar. In describing the cause of action as consisting of the "willful or intentional misuse of process," id. at 310, the court further said:
Our review of the counterclaim herein convinces us that the plaintiffs are entirely right in their contention that this counterclaim fails to state a cause of action for the tort of abuse of process. Indeed, it is little more than a repeat of the allegations in the counterclaim charging malicious prosecution which was properly dismissed by the trial court. The only change is that the defendants now allege that the process was employed unlawfully because it was allegedly used as a means of forcing the defendants to accede to the allegations and demands of the plaintiffs as contained in counts I through IV of their third amended complaint. Even if true, such allegations do not constitute the tort of abuse of process as the gravaman of the action is, in our view, still directed against portions of an alleged baseless complaint and is fundamentally unrelated to the process served thereunder; indeed, no abuse of the process apart from the complaint is pled and the effort to do so amounts to nothing more than a thinly disguised malicious prosecution claim. See Prosser on Torts 856-858 (4th ed. 1971); 1 Harper & James, The Law of Torts 330-332 (1956).
Id. at 311. What appellants have done here is what was done in Blue; namely, alleging a thinly disguised claim for malicious prosecution. Further, they failed to amend their counterclaim when given the opportunity to do so. Thus, there is no reason to believe that any post-service misuse of process affected their persons or property and no reason to give them further opportunity to amend. Therefore we affirm the order as to the claim of abuse of process because a reversal would not achieve anything.
The same is true as to the two remaining counts which allege slander of title by the filing of the complaint. We earlier held in Procacci v. Zacco, 402 So.2d 425 (Fla. 4th DCA 1981), that the filing of a notice of lis pendens enjoyed the same privilege as the filing of the complaint which spawned it. The same analysis would apply here, giving unto appellee's complaint the cloak of privilege which pleadings enjoy. Reversing the trial court's order would accomplish nothing; and as appellants failed to amend, we see no reason to give them that opportunity now. However, there is a limit to the benefits of the foregoing privilege. First, section 57.105, Florida Statutes (1981), subjects a frivolous action to statutory sanction.[2] Second, Florida Bar Integration Rule, article XI, rule 11.14(9) provides:
Nothing in this Rule shall be construed to discourage or to restrict the right and responsibility of any judge to call to the attention of The Florida Bar the conduct of any member thereof which, in the opinion of the judge, warrants investigation by The Florida Bar to determine if there has been a violation of the Code of Professional Responsibility or if an unprofessional act has occurred.
Third, the trial court can immediately discharge a notice of lis pendens; and if it fails to do so, the property owner may seek certiorari. See Cooper Village, Inc. v. Moretti, 383 So.2d 705 (Fla. 4th DCA 1980). Fourth, most important to the present case, we did not, by our decision in Procacci, eliminate any of the foregoing remedies, nor did we by that decision or the present one:

*1211 insulate a person who maliciously institutes a wrongful judicial proceeding from all liability for his malicious acts.
Stewart v. Fahey, 14 Ariz. App. 149, 151, 481 P.2d 519, 521 (1971). The error of the trial court which compels reversal in part here is the dismissal with prejudice of appellant's thinly disguised allegations of malicious prosecution. Such cause of action will not accrue until the ultimate disposition of appellee's complaint; and on remand the trial court is directed to condition dismissal by not so precluding such future action by appellants.
DELL and WALDEN, JJ., concur.
NOTES
[1] See Farmers Gin Co. v. Ward, 73 N.M. 405, 406, 389 P.2d 9, 11 (1964), which held:

An abuse of process arises only when there has been a perversion of court processes to accomplish some end which the process was not intended by law to accomplish, or which compels the party against whom it has been used to do some collateral thing which he could not legally and regularly be compelled to do. Altenhaus v. Louison, 342 Mass. 773, 172 N.E.2d 230; Spellens v. Spellens, 49 Cal.2d 210, 317 P.2d 613; Geier v. Jordan, D.C.Mun.App., 107 A.2d 440; Hall v. Field Enterprises, D.C.Mun.App., 94 A.2d 479; Pimentel v. Houk, 101 Cal. App.2d 884, 226 P.2d 739; Ellis v. Wellons, 224 N.C. 269, 29 S.E.2d 884; Italian Star Line v. United States Shipping Board E.F. Corp. (CCA 2nd Cir.), 53 F.2d 359; annotations 80 A.L.R., pages 580-584.
In order to sustain an action for abuse of process two elements are essential, (1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge. Ulterior motive alone is insufficient; there is no abuse of process where it is confined to its regular and legitimate function in relation to the cause of action stated in the complaint. Hall v. Hollywood Credit Clothing Company, D.C.Mun.App., 147 A.2d 866; Earl v. Winne, 34 N.J. Super. 605, 112 A.2d 791; Geier v. Jordan, supra; Pimentel v. Houk, supra; Brown v. Robertson, 120 Ind. App. 434, 92 N.E.2d 856; Elliott v. Warwick Stores, 329 Mass. 406, 108 N.E.2d 681; Saliem v. Glovsky, 132 Me. 402, 172 A. 4; 1 Am.Jur.2d Abuse of Process, §§ 4, 13; Prosser on Torts, pages 894-895; Cooley on Torts, 4th Ed., § 131, page 434.
Also, see the scholarly opinion and collection of authorities in Spellens v. Spellens, 49 Cal.2d 210, 317 P.2d 613 (1957), which discuss the subsequent misuse or perversion of duly issued process; as well as Landers v. Georgia Public Service Commission, 217 Ga. 804, 125 S.E.2d 495 (1962). We cautiously add that by this opinion we do not eliminate the applicability of the tort to the issuance of process in other situations, such as bringing a second action to collect a debt already paid or use of criminal process to coerce payment of a civil debt or the return of property. Bradley v. Peaden, 347 So.2d 455 (Fla. 1st DCA 1977). Those situations are different in kind from the present case.
[2] Section 57.105 provides:

Attorney's fee.  The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.