665 P.2d 1163

**E.B. BURGETT, Plaintiff-Appellant,**

v.

**Lorell Duane APPRILL and Nancy A. Apprill, his wife, Defendants-Appellees.**

**No. 5926.**

Court of Appeals of New Mexico.

May 24, 1983.

Certiorari Denied June 23, 1983.

Bruce P. Moore, Moscow, Idaho, for plaintiff-appellant.

Jefferson R. Rhodes, Alamogordo, for defendants-appellees.

OPINION

LOPEZ, Judge.

The trial court granted defendants' motion for summary judgment and plaintiff appeals. We affirm.

The issue raised on appeal is whether the trial court erred in granting defendants' summary judgment on plaintiff's claims of malicious prosecution, abuse of process, invasion of privacy and interference with contractual relations.

FACTS

E.B. Burgett (Burgett), plaintiff in this cause, owned a parcel of real estate which was subject to a mortgage held by the Federal Land Bank of Wichita (the Bank). The Bank foreclosed on the property on August 5, 1976. The foreclosure has been the subject of protracted litigation, none of which is pertinent to the case at bar. Subsequent to the foreclosure, the Bank sold the property to Lorell and Nancy Apprill (Apprill). The Bank and Apprill executed a contract containing the following provisions:

14. The parties recognize that certain eviction and other litigation proceedings are pending. A closing date cannot be definitely established due to such proceedings, but shall occur within a reasonable time after conclusion thereof at the mutual consent and agreement of the parties.

15. This contract is contingent upon the conclusion of any pending litigation in the Seller's favor.

On April 21, 1980 Burgett moved the district court to set aside the foreclosure sale and to permit Burgett to redeem the property. On May 28, 1980 Apprill moved to intervene in Burgett's redemption action. Concomitant with the motion to intervene, Apprill filed a motion to quash Burgett's petition for redemption. Apprill's motion to quash was based on the contention that the letter of credit tendered by Burgett to the court would give strangers to the litigation an interest in the property and that it was insufficient to cover the costs of re-

demption. Also on May 28 Burgett tendered to the court funds in lieu of the letter of credit. On June 18, 1980 the court entered an order recognizing Burgett's tender of funds and approved it *nunc pro tunc* as a lawful deposit of redemption. Apprill moved to withdraw the motion to intervene on June 18. On June 26, 1980 the property was quitclaimed to Burgett.

On February 12, 1981 Burgett sued Apprill for malicious prosecution, abuse of process or another form of tortious conduct. The basis of the suit was Apprill's motion to intervene in the redemption action. Apprill answered and thereafter moved for summary judgment. The motion was granted on June 25, 1981 and notice of appeal was filed on July 23, 1981.

POINT NO. 1. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT

A. *Malicious Prosecution*

■ In *Johnson v. Walker-Smith Co.,* 47 N.M. 310, 142 P.2d 546 (1943), the court established the rule in civil malicious prosecution actions as follows:

[A]n action will not lie for the prosecution of civil action with malice and without probable cause, where there has been no arrest of the person or seizure of the property of the defendant, or where the defendant has suffered no injuries except those which are the necessary result in all ordinary law suits.

47 N.M. at 312, 142 P.2d at 547. The language quoted above is precisely that which was relied upon by the trial court in granting summary judgment.

On appeal Burgett raises no issue relating to seizure of his person, or of malice or probable cause for the action filed by Apprill. The sole basis for Burgett's argument is that Apprill's attempted intervention in the redemption action constituted seizure of property. Burgett argues that the petition to intervene sufficiently interfered with his right of possession so as to constitute seizure of the property. Apprill contends that summary judgment was proper because interference with the right to possession cannot be equated to seizure of property.

We have reviewed the record and find no evidence that Apprill actually seized Burgett's property through the petition to intervene. Moreover, the evidence does not support Burgett's claim that the property was seized by way of interference with his right to possession. Rather, Apprill had a legitimate interest in the property which Burgett sought to redeem. *See* 2 Glenn on Mortgages § 232 (1943); *Hruby v. Steinman,* 374 Ill. 465, 30 N.E.2d 7 (1940). From the record we see that Apprill demonstrated this interest to the trial court.

In a motion for summary judgment the movant bears the burden of showing an absence of a genuine issue of material fact. *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972). Apprill, as movant, satisfied his burden by establishing that he had a legitimate interest in Burgett's redemption action.

After Apprill made a prima facie showing that he was entitled to summary judgment, the burden shifted to Burgett to show genuine issues of fact existed. *Goodman v. Brock, supra.* Burgett made no such showing. Accordingly, the trial court properly granted summary judgment on the malicious prosecution claim.

B. *Abuse of Process*

■ The controlling New Mexico decision on abuse of process is *Farmers Gin Company v. Ward,* 73 N.M. 405, 389 P.2d 9 (1964), wherein the court stated as follows:

An abuse of process arises only when there has been a perversion of court processes to accomplish some end which the process was not intended by law to accomplish, or which compels the party against whom it has been used to do some collateral thing which he could not legally and regularly be compelled to do.

In order to sustain an action for abuse of process two elements are essential, (1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge. Ulterior motive alone is insufficient; there is no

abuse of process where it is confined to its regular and legitimate function in relation to the cause of action stated in the complaint.

73 N.M. at 406–07, 389 P.2d at 11 (Citations omitted).

We concluded above that Apprill had a legitimate interest in Burgett's redemption action. *Hruby v. Steinman, supra.* In view of that conclusion, Burgett cannot establish that Apprill's motion to intervene was "the use of process other than such as would be proper in the regular prosecution of the charge." *Farmers Gin Company v. Ward, supra.* Burgett's failure to establish this one essential element of an abuse of process claim, without further inquiry, permits this court to affirm the trial court's granting of summary judgment. *Goodman v. Brock, supra.* Summary judgment on the abuse of process claim was proper.

C. *Invasion of Privacy and Interference with Contractual Relations*

In addition to claims of malicious prosecution and abuse of process, Burgett's complaint alleged the commission of "another form of tortious conduct". On appeal Burgett claims those other forms of conduct were invasion of privacy and interference with contractual relations. Burgett admits, however, "The District Court below did not attempt to deal with any such wrongs."

To preserve a question for appellate review, the record must show that a ruling by the trial court was fairly invoked. NMSA 1978, Civ.App.R. 11. Issues raised for the first time on appeal, will not be considered by this court. *Maldonado v. Haney,* 94 N.M. 335, 610 P.2d 222 (Ct.App.1980). In light of the foregoing, we conclude that Burgett's claims regarding invasion of privacy and interference with contractual relations are not properly before this court.

Summary judgment in favor of Apprill is affirmed. Appellate costs are to be paid by Burgett.

IT IS SO ORDERED.

HENDLEY and BIVINS, JJ., concur.