## GUTHRIE v. FLORIDA POWER & LIGHT COMPANY
### Case No. 83-17633 CA 22
Eleventh Judicial Circuit, Dade County
April 24, 1984

Darrey A. Davis, Steel Hector & Davis, for defendant. *

Henry N. Adorno, for plaintiff.

ROBERT P. KAYE, Circuit Judge.

Plaintiffs, William Lain Guthrie ("William") and Walter Lain Guthrie ("Walter"), sue defendant, Florida Power & Light Company ("FPL"), for damages based on separate claims of abuse of process and malicious prosecution.

FPL moved for partial summary judgment on William's abuse of process claim alleged in Count one of the complaint, and Walter's abuse of process claim alleged in Count three. Thereafter, Walter voluntarily dismissed his abuse of process claim. Accordingly, only William's abuse of process claim is now involved.

The remaining abuse of process claim of William is before the Court on (1) FPL's motion for partial summary judgment, (2) William's memorandum and affidavits in response thereto, (3) William's supplemental memorandum, and (4) FPL's supplemental reply memorandum. The Court has heard arguments of counsel and reviewed the matters of record applicable to such claim. There is no dispute as to the material facts. Only those facts asserted and relied on by William, and all favorable inferences drawn from those facts, have been considered for the purpose of summary judgment determination. The material facts are those which are relevant to the issues made by the pleadings. *Holl v. Talcott*, 191 So.2d 40, 47 (Fla. 1966).

## Abuse of Process Claim Alleged in Count One of Complaint.

The alleged abuse of process is based on process issued against William Guthrie. The process is an information filed by the State Attorney charging William with the criminal offenses of battery and criminal mischief. The abuse of process claim is that FPL used the criminal charges to exclude William and members of his family from meetings between FPL representatives and local residents. It is alleged that FPL abused the process issued against William for the ulterior motive to silence or reduce his effectiveness as a proponent of responsibility in industry and outspoken critic of FPL's practices and policies. The basis of the abuse of process claim is alleged in the complaint as follows:

> On approximately August 30, 1982 the State Attorney for the Eleventh Judicial Circuit filed an Information charging William Lain Guthrie with two counts of battery and one count of criminal mischief on the basis of the reports, statements, and allegations made by Fritze and Bethea. [employees of FPL] (bracketed language added)
>
> *       *       *
>
> FPL abused the process of the Court, including the criminal charges filed, initiated, instigated or continued by FP&L against William Lain Guthrie, by unlawfully and improperly using such process to silence or reduce the effectiveness of William Lain Guthrie as a proponent of responsibility in industry and an outspoken critic of FP&L's practices and policies; to exclude William Lain Guthrie and members of his family from meetings held between FP&L representatives and local residents; and to inflict emotional distress, physical injury, and humiliation upon William Lain Guthrie and to cause William Lain Guthrie to expend considerable time and sums of money in his defense.

Material Facts Asserted and Relied on by Plaintiff.

William Guthrie bases his abuse of process claim on the following material facts, as reflected by the pleadings, depositions, admissions, affidavits and memoranda.

On April 16, 1982, William Guthrie and two employees of FPL, Roger L. Fritze and W.T. Bethea, were involved in a series of incidents. Fritze called the Metro-Dade Police who made an investigation and filed an Incident Report, and referred Fritze to the State Attorney's office.

On April 22, 1982, Fritze furnished the State Attorney's office with information concerning the April 16th incidents, including the Incident Report of the Metro-Dade Police and a Confidential Investigative Report. Thereafter, on June 2, 1982, Fritze furnished an affidavit of Bethea relative to the incidents.

On September 1, 1982, the State Attorney's office filed an information against William Guthrie charging him with two counts of battery and one count of criminal mischief arising out of the April 16th incidents, based on the reports, statements and allegations furnished by Fritze and Bethea, and the Police report.

The basis of the cause of action for abuse of process before the Court, as asserted by plaintiff, is that FPL used the process issued September 1, 1982, against William Guthrie:

> . . . to prevent William Guthrie from attending a community meeting to discuss and seek solutions to the continuing problems at the Cutler Power Plant. FPL officials made it clear that they would not attend the community meeting if William Guthrie attended. . . .

It is not contended that FPL made known to William Guthrie or members of his family any intention to exclude them from community meetings. Plaintiff's abuse of process claim rests on the affidavit of Walter Dartland.* His corrected testimony is that in June 1982 he received a telephone call from some employee of FPL, whose name he cannot remember. Such unidentified person told him that FPL officials would not attend community meetings if William Guthrie attended the meetings.

Walter Dartland told Sharon Samole that FPL officials would not attend community meetings if William Guthrie attended. Sharon Samole told William Guthrie that if he attended community meetings, FPL officials would not attend.

Based on such information received from Sharon Samole via Walter Dartland, William Guthrie testified on deposition in support of his abuse of process claim:

> Florida Power & Light arrogantly told Mrs. Samole and I believe Walter Dartland, too, that no Guthries would be permitted at a meeting at Sharon Samole's home where Florida Power & Light was going to be. I went anyway.

On June 22, 1982, a community meeting was held at Sharon Samole's house. FPL officials attended the meeting. Although Walter Dartland testified that William Guthrie did not attend the meeting, Mr. Guthrie testified that he and his family (wife and son) attended the meeting and fully participated in discussions with FPL officials. The presence of William Guthrie and his family at community meetings was not questioned or challenged by FPL. The matter of attending community meetings was never raised or discussed after the meeting on June 22, 1982. William Guthrie was never excluded from any community meeting.

Accordingly, it is undisputed that any action of FPL claimed to constitute abuse of the process (exclusion of William Guthrie from community meetings) transpired before issuance of the subject process on September 1, 1982. There is no evidentiary support of any post-service misuse of the subject process by FPL.

Conclusions of Law Applicable to Undisputed Facts.

A cause of action for abuse of process requires a showing of a willful and intentional misuse of process for some wrongful and unlawful object, or collateral purpose. *Cline v. Flagler Sales Corp.*, 207 So.2d 709 (Fla. 3d DCA 1968). An abuse of process arises when there has been a perversion of court processes to compel the party against whom the process has been used to do some collateral thing which he could not legally and regularly be compelled to do. *McMurray v. U-Haul Co., Inc.*, 425 So.2d 1208, footnote at 1209 (Fla. 4th DCA 1983).

Aside from the question of the insufficiency of the undisputed facts to establish an abuse of process, it is well settled that abuse of process requires an act constituting the misuse of process after the process issues. The gist of the action for abuse of process lies in the improper use of process after it is issued. After process issues, there must be an unlawful interference with the person or property of the person against whom the process is issued under color of process. The maliciousness and ulterior motive in obtaining the issuance of the process is actually irrelevant to the tort of abuse of process. The abuse consists not in the issuance of process, but rather in the perversion of the process after the issuance. *See McMurray v. U-Haul Co., Inc., supra; Cazares v. The*

*Church of Scientology of California, Inc.*, 444 So.2d 442, 444 (Fla. 5th DCA 1984); and *Peckins v. Kaye*, ____ So.2d ____ (Fla. 2d DCA 1983), Case No. 83-477, December 16, 1983, 8 FLW 2953.

As stated in *McMurray v. U-Haul Co., Inc., supra*:

> Abuse of process in this case required more; namely, an act which constituted misuse of the process after it was issued. There is no such allegation of a post-issuance act other than service of what was issued. In 1 Am.Jur.2d Abuse of Process Section 2 at 250 (1962), the test applicable to this case is described without semantic vagueness:
>
>> An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued.

And in *Cazares v. Church of Scientology of California, Inc., supra*, the court stated:

> (A)buse of process requires an act constituting the misuse of process after it issues. The maliciousness or lack of foundation of the asserted cause of action itself is actually irrelevant to the tort of abuse of process. (citation omitted).

And the decision in *Peckins v. Kaye, supra*, states:

> The abuse consists not in the issuance of process, but rather in the perversion of the process after the issuance. . . .
>
> In the case sub judice, the record contains evidence that prior to the filing of the counterclaim in question, one of the appellees threatened to cause the appellants undue and inordinate expenditures of their time and money. This indicates there may have been an ulterior motive of harrassment in the filing of the counterclaim. An ulterior motive in itself is not sufficient. There must be an improper willful act during the course of the proceedings to constitute an abuse of process. . . . Accordingly, the trial court properly determined that the appellees were entitled to a judgment as a matter of law.

Accordingly, the Court finds there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law on the abuse of process claim alleged in Count one of the complaint.

THEREFORE, IT IS ORDERED:

1. The subject motion for partial summary judgment is granted. Partial summary judgment is entered for the defendant, Florida Power & Light Company, and against the plaintiff, William Lain Guthrie, on the claim for abuse of process alleged in Count one of the complaint.

2. The cause of action for abuse of process alleged in Count one of the complaint is dismissed with prejudice and the plaintiff, William Lain Guthrie, shall take nothing by his action for abuse of process, and the defendant, Florida Power & Light Company, shall go hence without day as to said action for abuse of process.

3. The Court retains jurisdiction to tax the appropriate costs and expenses against the plaintiff in respect to the abuse of process claim pursuant to hearing after notice.

---

\*Walter Dartland's initial affidavit, and the supporting affidavit of Sharon Samole, have been withdrawn by plaintiff. A corrected affidavit of Walter Dartland is substituted for his prior affidavit. The withdrawn affidavit of Sharon Samole has not been replaced.